# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1070

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Larry C. Cromwell, Jr., | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: March 14, 2011
Filed: July 14, 2011

_____

Before LOKEN and COLLOTON, Circuit Judges, and NELSON,[*] District Judge.

_____

LOKEN, Circuit Judge.

Larry C. Cromwell, Jr., pleaded guilty to distributing more than five but less than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court[1] granted the government's motion for a three-level acceptance-of-responsibility reduction, determined an advisory Guidelines sentencing range of 120 to 150 months

_____

[*]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, sitting by designation.

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

in prison, and sentenced Cromwell to 150 months. He appeals, arguing a procedural error and that his sentence is substantively unreasonable. We affirm.

At sentencing, defense counsel urged a downward departure or variance to the mandatory minimum five-year prison sentence.[2] The district court then summarized Cromwell's extensive and violent criminal history and stated:

> Now, Mr. Adams [defense counsel], the reason why I even read all this off to you is because I want you and Mr. Cromwell to address it. This is not a case, looking at his record, that I think about giving him less time. I'm looking at 40 [the statutory maximum]. . . . I need something to tell me why I should even give him a guideline range.

The court then heard testimony by Cromwell and by three witnesses who testified on his behalf. After noting "I was thinking 25 or more [because] Mr. Cromwell is the type of person who I need to save the community from," the court imposed "a guideline sentence of 150 months" because this testimony "convinced me to a large degree that you do have some redeeming qualities."

On appeal, Cromwell first argues the district court impermissibly put the burden on him to prove that he deserved a sentence within the advisory guideline range. This contention is without merit. Paragraphs 29-41 of the Presentence Investigation Report chronicled Cromwell's extensive criminal history, and paragraph 60 noted that, "[a]bsent the plea agreement, the sentencing guideline range would have been 292 to 365 months." On this record, the likelihood of an upward variance was apparent. The district court afforded Cromwell a reasonable opportunity to

---

[2]Though Cromwell admitted in the plea agreement to distributing 60 grams of crack cocaine for relevant conduct purposes, which at the time triggered a mandatory minimum of 10 years in prison, he pleaded guilty only to a distribution count that carried a mandatory minimum of 5 years. 21 U.S.C. §§ 841(b)(1)(A) & (B) (2009).

present mitigating evidence supporting a guideline range sentence, and he took full advantage of that opportunity. There was no procedural error.

Cromwell next argues that his sentence was substantively unreasonable. We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. United States v. Brewer, 624 F.3d 900, 908-09 (8th Cir. 2010), cert. denied, 131 S. Ct. 1805 (2011). A within-range sentence is presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.), cert. denied, 546 U.S. 1081 (2005). Here, the district court expressly considered the 18 U.S.C. § 3553(a) sentencing factors, paying particular attention to Cromwell's criminal history, which included a murder conviction, possession of firearms and drugs, theft, and assault. Cromwell argues that his sentence is unreasonable because the court denied a downward departure due to the disparity between crack and powder cocaine in the advisory Guidelines. See U.S.S.G. § 2D1.1. The district court noted its support for that argument "in the right circumstances" but concluded this was not an appropriate case for a departure or variance on that ground. "[W]e have consistently held that district courts are not required to vary downward based on the crack/powder disparity in the advisory guidelines." Brewer, 624 F.3d at 909. There was no abuse of discretion.

The judgment of the district court is affirmed.

_____