# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1355

_____

United States of America

*Plaintiff - Appellee*

v.

Troy Allen Huston

*Defendant - Appellant*

_____

No. 13-1372

_____

United States of America

*Plaintiff - Appellee*

v.

Chad Arthur Anderson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 25, 2013
Filed: March 7, 2014

_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Charged with conspiracy to commit mortgage fraud by means of interstate wire communication in violation of 18 U.S.C. §§ 371 and 1343, Troy Allen Huston and Chad Arthur Anderson pleaded guilty. The district court[1] sentenced Huston to 57 months in prison, the bottom of his advisory guidelines range, and Anderson, whose range was higher, to the statutory maximum of 60 months. Huston and Anderson appeal their sentences. Each argues that the district court procedurally erred by imposing a two-level enhancement for use of sophisticated means, and that his sentence is substantively unreasonable. We consolidated the appeals and now affirm.

The plea agreements and Presentence Investigation Reports described the fraud conspiracy. Huston was a branch manager and Anderson a loan officer at Prestige Mortgage in White Bear Lake, Minnesota. Huston, Anderson, and conspirator Robert Keelin recruited straw buyers to purchase homes in the Twin Cities area at inflated prices, using corrupt appraisals to secure mortgage loans. One entity controlled by the conspirators fraudulently invoiced title companies for property management services and distributed loan proceeds to the conspirators and kickbacks to the straw buyers without the knowledge or consent of the mortgage lenders. Another entity owned by Huston falsely received closing disbursements which it distributed to Huston and his family. Inflated loans totaling nearly $10 million went into default, causing lender losses totaling $4,889,421.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, presided in both cases.

**1. The Sophisticated Means Enhancement.** In lengthy pre-sentencing memoranda and at separate sentencing hearings, Huston and Anderson objected to recommended two-level enhancements because the fraud "involved sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C). No party submitted evidence on this issue at either sentencing hearing. After hearing arguments, the district court overruled the objections. On appeal, Huston and Anderson argue, as they did to the district court, that it was procedural error to impose this enhancement because their conspiracy involved only a "garden variety" mortgage fraud. As Anderson's Brief summarized the contention, their offense "consisted of the bare minimum requirements for mortgage fraud to occur: straw buyers, false mortgage applications, improper payments, and a means to collect the ill-gotten proceeds."

The guidelines define "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1, comment. (n.9(B)). "Even if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme." United States v. Fiorito, 640 F.3d 338, 351 (8th Cir. 2011) (quotation omitted), cert. denied, 132 S. Ct. 1713 (2012). "We review the factual finding of whether a . . . scheme qualifies as 'sophisticated' for clear error." United States v. Brooks, 174 F.3d 950, 958 (8th Cir. 1999), citing United States v. Hunt, 25 F.3d 1092, 1097 (D.C. Cir. 1994).[2]

---

[2] We noted in United States v. Jenkins, 578 F.3d 745, 751 (8th Cir. 2009), cert. denied, 559 U.S. 956 (2010), that an intracircuit split had developed over whether our standard of review is for clear error or *de novo*. Compare, e.g., United States v. Anderson, 349 F.3d 568, 570 (8th Cir. 2003) (clear error), with United States v. Hart, 324 F.3d 575, 579 (8th Cir. 2003) (whether "facts constitute sophisticated means" is reviewed *de novo*). In Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011), the en banc court held "that when faced with conflicting panel opinions, the earliest opinion must be followed." After Mader, we must follow Brooks, the earliest opinion on this issue.

Here, the conspirators recruited straw buyers, obtained inflated appraisals, and created two entities to submit fraudulent billings and disburse loan proceeds to themselves and kickbacks to the buyers without arousing lender suspicion. Application note 9(B) expressly provides that "hiding . . . transactions . . . through the use of fictitious entities [or] corporate shells . . . ordinarily indicates sophisticated means." United States v. Septon, 557 F.3d 934, 937 (8th Cir. 2009). As in Septon, Fiorito, and United States v. Calhoun, 721 F.3d 596, 605 (8th Cir. 2013), we conclude the district court did not clearly err in imposing two-level enhancements when determining the advisory guidelines ranges for Huston and Anderson.

**2. The Amount of Loss Determination.** Huston raises a second claim of procedural error, challenging the district court finding that the amount of loss was $4.89 million, which resulted in an 18-offense-level increase. See U.S.S.G. § 2B1.1(b)(1)(J). This contention is without merit. After Huston reserved the right to contest the amount of loss in the plea agreement and objected to the PSR recommendation, the government advised the court that he was withdrawing his objection to the amount of loss for guidelines purposes and instead would argue for a downward variance because this increase overstated his criminal responsibility. At sentencing, when the court inquired, Huston confirmed that he was not contesting "either the factual assertions [in the PSR] or the calculations contained therein" regarding the amount of loss. Accordingly, Huston waived his right to argue this issue on appeal. United States v. White, 447 F.3d 1029, 1032 (8th Cir. 2006).

**3. Substantive Reasonableness Issues.** The district court determined that Huston's advisory guidelines range was 57-60 months, the statutory maximum. The court imposed a sentence of 57 months, the bottom of that range, rejecting Huston's argument that he should be sentenced to no more than one year. Based on Anderson's prior convictions for worthless checks, theft by trick, and theft by check, the court determined that his advisory range was 63-78 months, which became 60 months due to the statutory maximum. At sentencing, Anderson urged a 46-month sentence. The

-4-

court sentenced him to 60 months, noting that he had a history of fraudulent behavior and that the statutory maximum was "certainly not too low for a person who racks up the kind of losses that you managed to do here."

On appeal, Huston and Anderson argue their sentences are substantively unreasonable because the district court failed to give sufficient weight to mitigating § 3553(a) factors. Huston argues that the three-month difference in their sentences does not reflect differences in their criminal histories and therefore does not comport with the mandate that a district court consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Anderson argues the district court failed to consider several mitigating factors -- he participated in only a limited number of fraudulent transactions, profited modestly, worked to avoid foreclosures, and could pay more restitution if given a shorter sentence.

"We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. A within-range sentence is presumptively reasonable." United States v. Cromwell, 645 F.3d 1020, 1022 (8th Cir. 2011) (citations omitted). Here, the sentencing records confirm that the district court expressly considered Huston's lack of criminal history and the mitigating circumstances urged by Anderson. As we have repeatedly held, "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). After careful review of the sentencing records, we conclude that the within-range sentences were not an abuse of the district court's substantial sentencing discretion and did not result in substantively unreasonable sentences.

The judgments of the district court are affirmed.

_____