# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2233
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Devos

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 8, 2014
Filed: January 27, 2015
[Unpublished]

_____

Before LOKEN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Brandon Devos pleaded guilty to escape from custody in violation of 18 U.S.C. § 751 after he was caught drinking and left the premises of a residential reentry center, where he was serving the final portion of a 104-month sentence for conspiracy to

distribute heroin. At sentencing, the district court[1] determined, without objection, an advisory guidelines sentencing range of 15 to 21 months in prison. Devos urged the court to sentence him at the bottom of that range, based on his substantial efforts while in prison to end his drug addiction, obtain a GED, and participate in training programs, and to secure employment when transferred to the reentry center. The government urged a sentence at the top of the advisory range, emphasizing Devos's very serious criminal history and continued involvement with drugs and alcohol.

Stating that it had "carefully considered each and every factor" under 18 U.S.C. § 3553(a), the district court imposed a 21-month sentence, to be served consecutively to the undischarged portion of the prior sentence. The court noted Devos's continued drug and alcohol abuse and emphasized his lengthy, violent criminal history, including five assaults on females and at least two assaults on males.

Devos appeals, arguing the court abused its discretion because a sentence at the top of the advisory guidelines range was substantively unreasonable. He contends the court failed to adequately consider "the progress Devos had made over the last eight years" and his stated commitment to "continue on the path of a more productive life." A sentence within the advisory guidelines range is presumptively reasonable. See, e.g., United States v. Cromwell, 645 F.3d 1020, 1022 (8th Cir. 2011). Devos has failed to overcome the presumption. There was no abuse of discretion.

The judgment of the district court is affirmed.

_____

[1]The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.