# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1327
_____

United States of America

*Plaintiff - Appellee*

v.

William Fielding Jones, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 14, 2014
Filed: March 3, 2015
_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

William Fielding Jones, Jr. pled guilty to tax evasion and now appeals the sentence imposed by district court,[1] arguing the district court improperly enhanced his sentence for use of sophisticated means. We affirm.

_____

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

I.

Jones owned a company called SAM Packaging. Between Fall 2009 and Fall 2010, Jones took numerous actions to avoid paying the several hundred thousand dollars he owed in back taxes for the years 2006 to 2008. For instance, Jones refused to provide the Internal Revenue Service ("IRS") with his bank statements, and when he later did submit bank statements, he blacked parts of them out. He submitted IRS Forms 433-A and 433-B (financial disclosure forms relating to individuals and businesses, respectively) in Fall 2009, disclosing two bank accounts at Mutual of Omaha Bank, but failing to disclose an account at Community America Credit Union ("CACU"). He subsequently opened a second CACU account. When he submitted updated Forms 433-A and 433-B in 2010, he again disclosed his accounts at Mutual of Omaha Bank but not his accounts at CACU. He simultaneously directed his financial activity to the undisclosed CACU accounts.

When the IRS levied on one of Jones's accounts at Mutual of Omaha Bank, it found the account was nearly empty. Jones also commingled his personal and business accounts, prompting the IRS to levy on his business accounts. The IRS revenue officer assigned to Jones's case explained it was "a very rare thing" to levy on a taxpayer's business accounts. After the IRS levied on Jones's accounts, he began dealing in cash, keeping between $10,000 and $15,000 per month for personal expenses. In Fall 2010, when Jones admitted having cash available, he made only a single payment of $3,000 towards his back taxes.

Jones also refused to turn over SAM Packaging's accounts receivable and told the IRS he would terminate the business before doing so. In 2010, he informed the IRS that SAM Packaging had been "suspended" and he was unemployed. In reality, Jones had started a new company, Mustang Innovation LLC, without notifying the IRS. This allowed Jones to secretly continue doing business under his SAM

Packaging contracts as Mustang Innovation LLC. In Fall 2010, when the IRS summonsed two of Jones's customers, it learned he had performed work without billing them, thus preventing the IRS from levying on his accounts receivable. Jones additionally listed multiple Employer Identification Numbers ("EINs," which are numbers the IRS issues to identify businesses) for SAM Packaging. He used the correct EIN on SAM Packaging's bank accounts, but used a former employee's social security number on corporate tax returns he submitted to the IRS.

Jones pled guilty to tax evasion, in violation of 26 U.S.C. § 7201. At the sentencing hearing, and over Jones's objection, the district court imposed a two-level enhancement for use of sophisticated means, as recommended in the presentence investigation report. Jones's base offense level was 20. After imposing the two-level enhancement and granting a three-level reduction for acceptance of responsibility, the district court determined a total offense level of 19 with a criminal history category of I, producing a Guidelines range of 30 to 37 months imprisonment. Varying downward, the district court sentenced Jones to 24 months imprisonment with three years supervised release to follow. Jones now argues the district court improperly enhanced his sentence for use of sophisticated means.

II.

Jones contends the district court erred in enhancing his sentence because his actions were typical of tax evasion offenses and did not make detection of his offense more difficult. We disagree.

The Guidelines call for a two-level increase of the base offense level if the tax evasion offense "involved sophisticated means." United States Sentencing Commission, Guidelines Manual, § 2T1.1(b)(2). The Guidelines define "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG § 2T1.1, comment. (n.5).

Although the Guidelines indicate "[c]onduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means," id., these "examples are by their own terms simply illustrative, not exclusive." United States v. Lewis, 93 F.3d 1075, 1082 (2d Cir. 1996). "The sophisticated-means enhancement is proper when the offense conduct, viewed as a whole, 'was notably more intricate than that of the garden-variety [offense].'" United States v. Jenkins, 578 F.3d 745, 751 (8th Cir. 2009) (alteration in original) (quoting United States v. Hance, 501 F.3d 900, 909 (8th Cir. 2007)) (addressing sophisticated-means enhancement in USSG § 2B1.1). "'Even if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme.'" United States v. Huston, 744 F.3d 589, 592 (8th Cir. 2014) (quoting United States v. Fiorito, 640 F.3d 338, 351 (8th Cir. 2011)) (addressing sophisticated-means enhancement in USSG § 2B1.1). "'We review the factual finding of whether a . . . scheme qualifies as 'sophisticated' for clear error.'" Huston, 744 F.3d at 592 & n.2 (alteration in original) (quoting United States v. Brooks, 174 F.3d 950, 958 (8th Cir. 1999)) (acknowledging our intracircuit split regarding the proper standard of review and stating we are bound by Brooks, the earliest opinion in the split, to review for clear error). This finding "will stand 'unless the decision is unsupported by substantial evidence, is based on an erroneous view of the applicable law, or in light of the entire record, we are left with a firm and definite conviction that a mistake has been made.'" United States v. Walker, 688 F.3d 416, 420-21 (8th Cir. 2012) (quoting United States v. Miller, 511 F.3d 821, 823 (8th Cir. 2008)).

Here, substantial evidence supports the district court's finding that Jones's offense involved sophisticated means. Jones submitted partially blacked-out bank statements, used undisclosed bank accounts, commingled his personal and business accounts, and dealt in cash. He also stonewalled the IRS about SAM Packaging's accounts receivable, used multiple EINs for SAM Packaging, secretly operated Mustang Innovation LLC, and refused to bill customers. Jones may not have taken

-4-

any one overly sophisticated action, but his conduct formed a repetitive and coordinated scheme to hide his assets from the IRS. <u>See, e.g.</u>, <u>United States v. Finck</u>, 407 F.3d 908, 914-15 (8th Cir. 2005) (upholding sophisticated-means enhancement where, as part of car-theft scheme, defendant falsified wire-transfer confirmations received by seller, re-routed mail, operated in multiple states, and lied about owning a winery). We therefore conclude the district court did not clearly err in imposing the sophisticated-means enhancement.

## III.

For the foregoing reasons, we affirm the sentence imposed by the district court.

_____