# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1875

_____

United States of America

*Plaintiff - Appellee*

v.

Theodore John Nelson, Jr.

*Defendant - Appellant*

_____

No. 16-1877

_____

United States of America

*Plaintiff - Appellee*

v.

Steven A. Nelson

*Defendant - Appellant*

_____

No. 16-1878

_____

United States of America

*Plaintiff - Appellee*

v.

Steven A. Nelson

*Defendant - Appellant*

_____

No. 16-1879

_____

United States of America

*Plaintiff - Appellee*

v.

Theodore John Nelson, Jr.

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: February 7, 2017
Filed: February 16, 2017
[Unpublished]

_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

A jury found Theodore John Nelson, Jr., and his son Steven Nelson guilty of conspiring to defraud the United States, in violation of 18 U.S.C. § 371; failing to file income tax returns between 2006 and 2013, in violation of 26 U.S.C. § 7203; and obstructing and impeding the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). The district court[1] sentenced Theodore Nelson to a total of 70 months in prison, and Steven Nelson to a total of 12 months and one day; and ordered restitution, jointly and severally, to the Internal Revenue Service (IRS) in the amount of $1,842,102.14. Both Nelsons appeal, and we affirm.

In a brief filed under Anders v. California, 386 U.S. 738 (1967), Theodore Nelson challenges the reasonableness of his sentence. Following careful review, we find no indication in the record that the district court's imposition of a within-Guidelines sentence, after reviewing relevant sentencing factors including Mr. Nelson's positive character traits, was unreasonable. See United States v. Bryant, 606 F.3d 912, 920-21 (8th Cir. 2010) (reviewing court presumes substantive reasonableness if sentence is within appropriately calculated Guidelines range). We also find no merit to Mr. Nelson's pro se arguments challenging the authority of the government and the jurisdiction of the district court. See United States v. Drefke, 707 F.2d 978, 980-84 (8th Cir. 1983) (per curiam).

Steven Nelson's counsel has also filed an Anders brief, challenging the sufficiency of the evidence, the Guidelines calculations, and his trial counsel's effectiveness. Viewing the trial evidence in the light most favorable to the verdict, we conclude that the jury could have rationally found all of the elements of the charged offenses beyond a reasonable doubt. See United States v. Tensley, 334 F.3d 790, 793-94 (8th Cir. 2003) (standard of review). Specifically, among the witnesses who testified at the six-day were IRS agents who concluded that both Nelsons acted

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

in concert, using sham trusts, many with false taxpayer identification numbers and false claims of exempt status, in part to avoid detection of their income; that they earned more than enough income to trigger the requirement for filing federal tax returns but willfully did not do so; and that their activities established they conspired to defraud the United States for the purpose of impeding the lawful functions of the IRS, and corruptly endeavored to obstruct or impede the administration of Internal Revenue Code. See Cheek v. United States, 498 U.S. 192, 193-94, 201-06 (1991) (failing to file return under § 7203; good-faith misunderstanding constitutes defense, but defendant's views about validity of tax statutes, or claims that tax code provisions are unconstitutional, do not arise from innocent mistakes and are irrelevant to willfulness issue); United States v. Brooks, 174 F.3d 950, 955 (8th Cir. 1999) (discussing affirmative steps to "dissociate" onself from one's property and income, and other steps showing lack of good faith belief); United States v. Noske, 117 F.3d 1053, 1056-57, 1059 (8th Cir. 1997) (affirming § 371 conspiracy convictions, among other offenses; evidence showed defendants agreed to set up sham entities and record keeping services that permitted clients to hide their tax liabilities while exercising full control over their property); United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (setting forth elements of § 7212(a) violation); United States v. Yagow, 953 F.2d 423, 427 (8th Cir. 1992) (defining "corruptly" as including effort to secure unlawful advantage or benefit, and in particular to secure financial gain).

Upon review of the sentencing proceedings, we find no clear error in the district court's calculation of the amount of tax loss, in its determination that the defendants' nonpayment of taxes was part of the same course of conduct, or in the application of the sophisticated-means enhancement. See United States v. Aldridge, 561 F.3d 759, 767 (8th Cir. 2009) (concerning tax loss calculation and relevant conduct); United States v. Jones, 778 F.3d 1056, 1058-59 (8th Cir. 2015) (concerning sophisticated scheme). We further find, to the extent the issue is preserved, that the district court did not abuse its discretion in awarding restitution, or clearly err in calculating the amount based on the evidence presented. See United States v. Frazier,

651 F.3d 899, 903 (8th Cir. 2011).  Last, any ineffective-assistance claims are best left for proceedings under 28 U.S.C. § 2255, where the record can be developed as needed.  See United States v. Davies, 583 F.3d 1081, 1091 (8th Cir. 2009).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.  We affirm the judgment of the district court, and we grant the motions to withdraw.

_____