# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3680

_____

United States of America

*Plaintiff - Appellee*

v.

Gilberto Ray Ramos

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: July 5, 2018
Filed: July 31, 2018
[Unpublished]

_____

Before WOLLMAN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

After this court vacated a firearm conviction and remanded for resentencing, United States v. Ramos, 852 F.3d 747 (8th Cir. 2017), the district court[1] conducted

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

a hearing and sentenced Gilberto Ramos to a total of 135 months in prison, at the bottom of the Guidelines range calculated for his remaining jury-trial convictions for conspiracy, distribution of methamphetamine, and possession with intent to distribute methamphetamine, see 21 U.S.C. §§ 841(a)(1) and 846. Ramos appeals, and his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging application of a sentence enhancement for his possession of a firearm under United States Sentence Guidelines § 2D1.1(b)(1), despite this court's reversal of his conviction for being a felon in possession of a firearm.

A summary of the trial evidence, which was sufficient to support Ramos's drug convictions, is included in this court's earlier decision. See Ramos, 852 F.3d at 750-51. In part, the evidence established that Ramos received and distributed methamphetamine from his two-bedroom apartment in Springdale, Arkansas, and that officers who searched the apartment, which Ramos shared with a woman, found a ledger, a digital scale, baggies, cash, and methamphetamine in the kitchen; and found a .45 caliber pistol under the mattress in one of the bedrooms, the closet for which contained men's and women's clothing. The district court, in resentencing Ramos on his drug-related convictions, overruled his challenge to application of the two-level section 2D1.1(b) enhancement for his possession of a firearm, finding that a preponderance of the evidence established it was not clearly improbable that the weapon was connected to the drug-trafficking activity. Upon careful review, we conclude that the district court did not clearly err, see United States v. Anderson, 618 F.3d 873, 879-82 (8th Cir. 2010); States v. Mendoza, 341 F.3d 687, 694 (8th Cir. 2003); United States v. Braggs, 317 F.3d 901, 904-05 (8th Cir. 2003), notwithstanding the sentencing court's consideration of acquitted conduct, see United States v. Watts, 519 U.S. 148, 156 (1997) (per curiam). We also conclude that the district court's imposition of a sentence at the bottom of the Guidelines range was not substantively unreasonable. See United States v. Cromwell, 645 F.3d 1020, 1022 (8th Cir. 2011).

-2-

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal.  The judgment of the district court is affirmed, and counsel's motion to withdraw is granted.

_____