# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-2456

———————————————

United States of America

*Plaintiff - Appellee*

v.

John Christopher Abbott

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Southern District of Iowa - Central

—————————

Submitted: January 13, 2023
Filed: May 15, 2023
[Unpublished]

—————————

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

—————————

PER CURIAM.

The district court[1] sentenced John Abbott to 60 months in prison after he pleaded guilty to mail fraud, *see* 18 U.S.C. § 1341, for stealing from The Hershey

—————————

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Company.  Although he challenges the application of a sophisticated-means enhancement and the overall length of the sentence, we affirm.

Abbott worked for a shipping company as a logistics supervisor, which required him to match orders with available trucks.  He used the position to fool Hershey's, a regular customer, into paying for fictitious deliveries.  The proceeds went directly into Abbott's pocket.

After he pleaded guilty to one count of mail fraud, the district court found that the scheme was sophisticated enough to impose a two-level enhancement.  *See* U.S.S.G. § 2B1.1(b)(10)(C).  We review this finding for clear error.  *See United States v. Huston*, 744 F.3d 589, 592 & n.2 (8th Cir. 2014).

Abbott's multi-step scheme was "notably more intricate than . . . the garden-variety offense."  *United States v. Garbacz*, 33 F.4th 459, 474 (8th Cir. 2022) (citation omitted).  The first step involved creating a corporation resembling an actual trucking company to make the transactions appear legitimate.  *See* U.S.S.G. § 2B1.1 cmt. n.9(B) (stating that the use of corporate shells "ordinarily indicates sophisticated means").  Next, he opened bank accounts for the counterfeit corporation and registered a fake postal box in the real trucking company's name. *See United States v. Atkins*, 881 F.3d 621, 624, 628 (8th Cir. 2018) (explaining that the defendant's use of "bank accounts not in his name to receive [] payments" for "non-existent" items supported the enhancement).  Using these steps, Abbott was able to conceal nearly 700 fraudulent transactions totaling more than $2 million.  *See United States v. Finck*, 407 F.3d 908, 915 (8th Cir. 2005) (explaining that "repetitive and coordinated conduct" counts as "sophisticated").  It was no ordinary fraud.

There is nothing special, on the other hand, about Abbott's sentence.  *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing for an abuse of discretion).  To be sure, it was at the high end of the recommended range.  But the district court explained why.  One reason was the sheer scope of the fraud, which lasted for years.  *See* 18 U.S.C. § 3553(a).  Another was the nature of

the cover up, which involved "a false trail of documents."  *See id.*  We cannot say it abused its discretion, even if Abbott would have liked the court to place greater weight on other considerations.  *See United States v. Becerra*, 958 F.3d 725, 731 (8th Cir. 2020); *see also Feemster*, 572 F.3d at 461 (explaining that we may presume a sentence within the Guidelines range is reasonable).

We accordingly affirm the judgment of the district court.

_____