# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3175

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
      v.      *    District Court for the
     *    District of Minnesota.
Shane Nathanial Townsend, aka      *
Shane Nathaniel Townsend,      *     [PUBLISHED]
     *
        Appellant.      *

_____

Submitted: May 14, 2010
Filed: August 19, 2010

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Shane Townsend pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). The district court[1] sentenced Townsend to 151 months' imprisonment, which included a career offender enhancement. On appeal, Townsend argues that the district court abused its discretion by imposing an unreasonable sentence. We affirm.

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

## I. *Background*

On January 8, 2008, police charged Townsend with two counts of bank robbery. Both counts involved TCF Bank located in St. Paul, Minnesota. Count 1 of the indictment charged Townsend with robbing a bank on December 5, 2007. Count 2 charged Townsend with a bank robbery that occurred on December 11, 2007.

Townsend pleaded guilty to Count 1, admitting in his plea agreement that he also committed the bank robbery charged in Count 2. At the time of Townsend's guilty plea, it was the government's position that Townsend was a "career offender" under U.S.S.G. § 4B1.1. Townsend reserved his right to dispute his classification as a career offender.

The presentence investigation report (PSR) classified Townsend as a career offender under § 4B1.1 based on the following three prior convictions for crimes of violence: (1) a 1990 conviction for aiding and abetting simple robbery; (2) a 1992 conviction for attempted aggravated robbery; (3) and a 2000 conviction for aiding and abetting second degree burglary of a dwelling. Accordingly, the PSR determined Townsend's base offense level to be 32 and applied a three-level reduction for acceptance of responsibility. With a criminal history category VI, Townsend's resulting Guidelines range was 151 to 188 months.

Townsend requested a sentence of not more than 96 months—the top of the Guidelines range without the career offender enhancement—and the government requested a sentence within the Guidelines' range of 151 to 188 months. Neither Townsend nor the government had any objections to the factual statements contained in the PSR, and the district court adopted them. However, at sentencing, Townsend raised potentially mitigating facts such as his mental and physical illnesses,[2] his

---

[2]Townsend has irritable bowel syndrome and other digestive conditions. Townsend also has psychological infirmities such as post-traumatic stress disorder and various addictions.

addictions, the lack of violence or a weapon used during the robbery, and his difficult childhood.

The district court stated that it had reviewed all of the 18 U.S.C. § 3553 factors and orally imposed a sentence of 151 months. The district court then submitted a written statement of reasons outlining the court's sentencing rationale. The court's "statement of reasons for imposing sentence" addressed the § 3553(a) factors and the reasons for the court's sentence of 151 months' imprisonment. The district court noted that Townsend admitted to robbing two banks and that he has a "long criminal history that includes three violent crimes." The court stated that it imposed a sentence at the bottom of the Guidelines range because such a sentence "reflects Townsend's desire to stop using drugs and that his addiction prompted this criminal conduct." The court noted that, because the sentence was a Guideline sentence, it "ensures against unwanted sentencing disparities among similarly situated defendants."

## II. *Discussion*

Townsend argues that his sentence is unreasonable and greater than necessary to accomplish the goals of sentencing set forth in § 3553(a). Townsend contends that the district court abused its discretion when it gave great weight to the Guidelines and Townsend's criminal history and insufficient weight to important mitigating factors, such as Townsend's mental illness, physical illness, and the role chemical dependency played in the offense. Townsend does not challenge the imposition of the career offender enhancement.

We review a district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for clear error. *United States v. Rollins*, 552 F.3d 739, 742 (8th Cir. 2009).

A district court's duty is to consider the Guidelines range and tailor the sentence in light of other statutory concerns, such as the sentencing factors listed in § 3553(a).

*United States v. Spigner*, 416 F.3d 708, 711 (8th Cir. 2005). On appeal, we will not reverse a procedurally sound sentence absent a showing of abuse of discretion by the district court. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). We consider if there was a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall*, 552 U.S. at 51. Once we determine that the decision was procedurally sound, then we may consider the substantive reasonableness of the sentence. *Id.* However, sentences that fall within the Guidelines range are presumptively reasonable on appeal. *Rita v. United States*, 551 U.S. 338, 351 (2007); *Miner*, 544 F.3d at 932.

Section 3553(a) requires that the district court impose a sentence no greater than necessary to account for the nature and seriousness of the offense and the defendant's history and characteristics, as well as to provide just punishment, to protect the public and to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a).

> A sentence may be unreasonable if the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but nevertheless committed a clear error of judgment by imposing a sentence that lies outside of the range dictated by the facts of the case.

*United States v. Walker*, 439 F.3d 890, 892 (8th Cir. 2006).

Although a district court is required to consider each of the § 3553(a) factors in determining the proper sentence to impose, it need not "categorically rehearse each of the [§] 3553(a) factors on the record when it imposes a sentence as long as it is

clear that they were considered." *United States v. Dieken*, 432 F.3d 906, 909 (8th Cir. 2006).

Townsend acknowledges that the district court discussed the § 3553(a) factors in its written "statement of reasons" but maintains that the court gave insufficient weight to several important mitigating facts. Townsend does not argue that the district court weighed the factors in a clearly erroneous way. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). The district court may give some factors less weight than a defendant prefers or more to other factors, but that alone does not justify reversal. *Id.*

In this case, the district court considered the § 3553(a) factors in the following written statement:

> The sentence imposed takes into consideration the relevant Guidelines and the statutory factors enumerated above. The sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Townsend has admitted to robbing two banks and has a long criminal history that includes three violent crimes. A sentence of one hundred and fifty one months is therefore necessary to provide adequate deterrence to his criminal conduct and to protect the public against further crimes committed by him. The sentence also provides Townsend sufficient time to obtain the necessary drug treatment to help him overcome a drug addiction.

> The Court imposes a sentence at the bottom of the applicable Guideline range because it takes into account the circumstances of the offense and the characteristics of the defendant. The sentence reflects Townsend's desire to stop using drugs and that his addiction prompted this criminal conduct.

Finally, the sentence is within the Guideline range and therefore ensures against unwanted sentencing disparities among similarly situated defendants.

Townsend argued extensively for consideration of mitigating factors prior to the court's imposition of sentence, both in writing and in his allocution. The district court was clearly aware of the facts alleged and took them into account. On this record, Townsend must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors. Based upon our review of the record, the district court properly considered the § 3553(a) factors. After considering "the totality of the circumstances, including the extent of the variance from the Guidelines range and giving due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance," we conclude that the district court did not abuse its discretion in sentencing Townsend to 151 months' imprisonment and that "no basis [exists] for concluding the sentence is substantively unreasonable." *United States v. Hill*, 552 F.3d 686, 693 (8th Cir. 2009) (internal quotations, alterations, and citation omitted). The district court found the low-end Guidelines sentence to be reasonable but did not presume it to be so.

III. *Conclusion*

Accordingly, we affirm.

_____