# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2390

_____

United States of America,               *
                                         *
          Appellee,                      *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   District of Minnesota
Dempsey Antonio Brown,                   *
                                         *   [UNPUBLISHED]
          Appellant.                     *

_____

Submitted: December 13, 2010
Filed: December 29, 2010

_____

Before LOKEN, ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Dempsey Brown pleaded guilty to possession with intent to distribute in excess of five grams of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The district court[1] sentenced Brown to a 188-month term of imprisonment, the bottom of the recommended Sentencing Guidelines' range. On appeal, Brown argues his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a). We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We consider the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Jones, 612 F.3d 1040, 1045-46 (8th Cir. 2010). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Holy Bull, 613 F.3d 871, 874 (8th Cir. 2010) (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)). A sentence which falls within the Guidelines range is presumptively reasonable on appeal. United States v. Townsend, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam).

Brown challenges the substantive reasonableness of his sentence alleging the district court committed a clear error of judgment in weighing the § 3553(a) factors because it placed too much weight on his criminal history and ignored mitigating factors such as his remorse, his enrollment and attendances in classes, his consistent employment, and the outpouring of support from his family. According to Brown, when all these factors are properly weighed, they indicate he is not the "bad person that the career offender classification and his prior record would indicate" and justify a downward variance.

We find, based on a thorough review of the record, the district court properly considered all the mitigating factors presented by Brown despite not explicitly addressing each. See id. at 994 ("Although a district court is required to consider each of the § 3553(a) factors in determining the proper sentence to impose, it need not 'categorically rehearse each of the [§] 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered.'" (quoting United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006) (alteration in original))). The record also establishes the district court appropriately weighed each of the factors in imposing a sentence which was sufficient, but not greater than necessary, to comply with the sentencing goals. The district court stated at sentencing,

-2-

the Court finds that the sentence of 188 months is adequate, reasonable and appropriate in light of the considerations set forth in 18 United States Code, Section 3553(a). The sentence imposed accounts for the nature and circumstances of the offense and the history and characteristics of the defendant. Specifically, his designation as a career offender. The sentence reflects the seriousness of the offense and provides just punishment while also providing defendant with needed correctional treatment.

The district court not only considered Brown's criminal history but also considered his proposed mitigating factors and rejected them.

Based on the record, we are satisfied the district court appropriately considered and weighed the § 3553(a) factors and did not abuse its discretion in placing weight on Brown's criminal history. See Townsend, 617 F.3d at 994-95 (concluding a sentence is substantively reasonable despite the district court's focus on criminal history and rejection of defendant's proposed mitigating factors where defendant provided no basis for concluding otherwise).

Accordingly, we affirm Brown's sentence.

_____