# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1428

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Mark McAvinew, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2011
Filed: November 21, 2011

_____

Before SMITH, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mark McAvinew appeals from the sentence imposed by the District Court[1] after he pleaded guilty to a federal charge of bank robbery. We affirm.

In December 2009, McAvinew robbed the Metcalf Bank in Kansas City, Missouri, an FDIC-insured institution, of $3170. He was wearing his work uniform (with his name on it) at the time and made his getaway in his marked work vehicle, so he was easily identified and apprehended. In January 2010, a grand jury indicted

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

McAvinew on a charge of bank robbery, and in August 2010, he pleaded guilty to the charge. By this time, he had paid restitution.

According to the Presentence Investigation Report, to which McAvinew filed no objections, his U.S. Sentencing Guidelines range was thirty to thirty-seven months. In his sentencing memorandum, McAvinew asked for probation and home confinement based on his lack of a criminal record; his family relationships; his steady job, which provided health insurance for him and his wife; the fact that he was unarmed when he robbed the bank; his cooperation when he was arrested; and his participation in drug treatment while he was on release. At sentencing in February 2011, the District Court sentenced McAvinew at the low end of the Guidelines range to thirty months in prison. On appeal, McAvinew argues that the District Court did not properly consider the 18 U.S.C. § 3553(a) sentencing factors, failed "to fully consider the entire range of sentencing options," and imposed an unreasonable sentence. Br. of Appellant at 8. We "review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007).

We first consider whether the District Court committed procedural error, that is, whether the court, as McAvinew argues, failed to properly consider the § 3553(a) sentencing factors. After reviewing the record, we conclude that this argument cannot be sustained. While the District Court did not enumerate the relevant factors when pronouncing McAvinew's sentence, we have said repeatedly that this is not required. See, e.g., United States v. Townsend, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam). The court said—not once, but twice—that it considered the § 3553 factors when determining McAvinew's sentence. Sent. Tr. 21, 24. McAvinew directs us to nothing in the record that would indicate that the court did not follow its mandate to weigh the relevant sentencing factors. Further, the availability of a sentence of probation and McAvinew's arguments in mitigation were presented to the court, both in McAvinew's sentencing memorandum and at the hearing, and again, we have no reason to believe that the court did not consider them. The court in the end concluded

that "confronting an individual and making a demand for money," when the victim does not know whether the robber is armed, is a serious offense warranting a sentence within the Guidelines range. Id. at 21. The court committed no procedural error.

As for the substantive reasonableness of McAvinew's sentence, we conclude, considering the totality of the circumstances, that the District Court did not abuse its discretion in imposing a presumptively reasonable sentence at the low end of the Guidelines range. See Gall, 552 U.S. at 51. While we may have acted differently, we defer to the District Court's familiarity with this defendant, this crime, and the Guidelines in general. See id. at 51–52.

We cannot say that the District Court abused its discretion in sentencing McAvinew. Accordingly, we affirm.

_____