# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2378

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Andrew Jauron

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 15, 2016
Filed: August 10, 2016

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and MOODY[1], District Judge.

_____

SHEPHERD, Circuit Judge.

Kevin Jauron pled guilty to sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e), and to commission of a felony offense involving a minor

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

while being required to register as a sex offender in violation of 18 U.S.C. § 2260A. The district court[2] sentenced Jauron to 480 months' imprisonment. Jauron appeals his sentence, arguing that the district court committed reversible error in its application of the United States Sentencing Guidelines ("U.S.S.G.") and imposed a substantively unreasonable sentence in light of the 18 U.S.C. § 3553(a) factors. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

Jauron was convicted in Iowa state court of third-degree harassment twice in 2005 after sending sexual emails to females, including one minor. In 2008, he was convicted in Iowa state court of second-degree harassment and assault causing bodily injury after digitally penetrating the vagina of a fifteen-year-old female. As a result of that conviction, Jauron was required to register as a sex offender.

In May 2014, the Marion, Iowa police department received a report from a local high school alleging that, via text message, an adult male named "Kevin" had solicited A.R. and S.M., two fifteen-year-old females, to engage in sexual activity. Officers subsequently determined Jauron to be "Kevin" and obtained a search warrant for both Jauron's person and residence. Further investigation, including execution of the search warrant, interviews with Jauron, and interviews with multiple minor females, revealed the following facts.

Jauron created a false identity of "Shelbi Bartling," purportedly a seventeen-year-old bisexual female, then used that facade to meet A.R. and introduce her to "Kevin." As "Kevin," Jauron sent A.R. images of himself engaging in sexual acts with females as well as images of his penis. He had sexual intercourse with A.R. on

---

[2] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

March 13, 2014, and produced two videos and five still images of the activity. Jauron sent those images to S.M. and a thirty-five-year-old male on March 24, 2014. Jauron also used the "Shelbi Bartling" identity in February 2014 while texting S.W., another fifteen-year-old female. Posing as "Shelbi Bartling," Jauron convinced S.W. to send him nude photographs. After S.W. sent some nude photographs, Jauron asked for more, specifically photographs of her vaginal area with her legs spread apart. S.W. complied with the request.

In 2012, Jauron posed as "Evan," a false identity under which he purported to be a nineteen-year-old male from another state, and asked L.M. to take nude photographs of herself. Specifically, "Evan" used the Kik messenger app[3] to ask L.M., a fourteen-year-old female, to photograph herself while touching her vagina or inserting one of her fingers into her vagina, and send the photographs to him. L.M. subsequently learned that "Evan" lied about his identity and was in fact an older male named "Kevin." "Kevin" again asked L.M. to take nude photographs of herself touching her breasts and vagina, then message the photographs to him. In response, L.M. sent "Kevin" a nude photograph that depicted her with her shirt pulled up and her pants pulled down, displaying her breasts and vagina. She also sent "Kevin" photographs of herself touching her vagina. Jauron also created a group Kik message between "Kevin," "Shelbi Bartling," and L.M., in which he sent L.M. photographs of "Shelbi" touching herself and attempted, while posing as "Shelbi Bartling," to convince L.M. to "hang out with her and Kevin."

---

[3]Kik is a free app available on most mobile platforms and "allows people to find strangers and communicate with them anonymously, through a user name." Sheryl Gay Stolberg & Richard Perez-Pena, App Provides Anonymity to Tennagers, and to Predators, Too, N..Y. Times Feb. 5, 2016, at A1, 3. Kik has approximately 275 million registered users worldwide. Id. The app asks for the user's real name and email address, but does not require the user to provide a telephone number and works even if the information provided is false. Id.

Jauron met K.W., a fifteen-year-old female, at an adult shop and sent her pictures of his penis via text message in August 2013. Jauron texted K.W. multiple times between August 2013 and December 2013, offering her money to engage in sexual intercourse with him. In December 2013, Jauron took K.W. to his house in Marion, Iowa and engaged in sexual intercourse with her. Jauron later referenced a recording of their sexual activity in a text message to K.W., but at the time of their sexual encounter, she was unaware that it was being recorded.

In January 2014, Jauron solicited a seventeen-year-old female, H.W., to meet with him and other adult males for the purpose of all the males having sex with H.W. and producing videos and images of the activities. Jauron then met with one or more other adult males and H.W., and used his phone to produce videos and still images of the men engaged in various sexual acts with H.W. Jauron later sent some of the images of H.W. performing sexual acts via text message to other people.

Pursuant to a plea agreement, Jauron pled guilty in January 2015 to sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e), and commission of a felony offense involving a minor while being required to register as a sex offender in violation of 18 U.S.C. § 2260A. On June 11, 2015, the district court held a sentencing hearing, at which it accepted the United States Probation Office's calculation of the Sentencing Guidelines as set forth in the presentence report ("PSR"). After enhancements, the guidelines calculations for each victim were: Group 1, victim A.R., level 40; Group 2, victim S.W., level 36; Group 3, victim L.M., level 38; and Group 4, victim H.W., level 42. The district court did not include K.W. as a victim at sentencing. Applying U.S.S.G. § 3D1.4, the district court used the offense level of 42 from Group 4, victim H.W., then increased the offense level, based on the seriousness of the offenses from the other groups, for a combined adjusted offense level of 48. Pursuant to Guidelines Chapter 5, Part A, commentary note 2, a total offense level greater than 43 is to be treated as an offense level of 43,

the highest offense level accounted for in the sentencing table, so the district court treated Jauron's offense level as a 43.

Jauron objected to "the scoring and inclusion of any and all" events relating to S.W. and L.M. as part of the offense level computation, as well as the four-level enhancement applied to H.W. under U.S.S.G. § 2G2.1(b)(4) for sadistic or masochistic conduct. Under Jauron's calculation, Group 1, victim A.R., would have produced the highest offense level, 40. Combined only with Group 4, victim H.W., and additional enhancements and reductions to which he did not object, Jauron's calculation yields a total offense level of 44. Therefore, under Jauron's computation, the total offense level would have been treated as a 43 pursuant to Chapter 5, Part A, commentary note 2. The district court recognized the total offense level would be treated as a 43, with life imprisonment as the normal guideline sentence. Given the statutory maximum sentences of thirty years for Count One of sexual exploitation of children and ten years for Count Two of commission of a felony offense involving a minor while being required to register as a sex offender, the district court sentenced Jauron to 360 months on Count One and 120 months on Count Two, totaling a sentence of 480 months' imprisonment. The district court also stated that it would impose the same sentence regardless of how the advisory guidelines were computed. This sentencing appeal followed.

II.

On appeal, Jauron first contends that the district court committed reversible error in its application of the Guidelines. Specifically, he challenges the district court's inclusion of S.W. and L.M. as victims for purposes of the advisory guideline calculation and the application of U.S.S.G. § 2G2.1(b)(4) for sadistic or masochistic behavior regarding H.W. "We review the court's interpretation and application of the Guidelines de novo and its factual findings for clear error." United States v. Thunderhawk, 799 F.3d 1203, 1209 (8th Cir. 2015).

Section 2G2.1(d)(1) governs the sexual exploitation of a minor by production of a sexually explicit visual or printed material and provides that "[i]f the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction." Jauron contends this Special Instruction should not allow S.W. and L.M. to be counted as minor victims of his sexual exploitation because no "sexually explicit conduct" occurred under the meaning given to that phrase by 18 U.S.C. § 2256(2). The "lascivious exhibition of the genitals or pubic area of any person" is a form of sexually explicit conduct. 18 U.S.C. § 2256(2)(A)(v). Jauron further argues that the sexual activities displayed in the videos of H.W. are not sadistic or masochistic behavior, and that the district court erred when it applied a four-level enhancement under U.S.S.G. § 2G2.1(b)(4) for H.W.

While we note that "even images of children acting innocently can be considered lascivious if they are intended to be sexual," United States v. Johnson, 639 F.3d 433, 440 (8th Cir. 2011), we need not determine whether the nude photographs Jauron requested and received from S.W. and L.M. are lascivious because any error in the court's inclusion of S.W. and L.M. as victims was harmless. Likewise, the district court's application of the U.S.S.G. § 2G2.1(b)(4) four-level enhancement for H.W. would constitute harmless error, if it was error at all. "Where, as here, an error in applying sentencing enhancements does not alter the defendant's total offense level, such an error is harmless." United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014) (citing United States v. Bastian, 603 F.3d 460, 466 (8th Cir. 2010)). With the enhancements now challenged by Jauron, the court calculated an offense level of 48; Jauron argues for a calculation of 44 without the enhancements. Under the Guidelines calculations performed by the court, the probation office, the government, and the defendant, Jauron's total offense level would exceed 43, and therefore must be treated as 43, the ceiling of offense level calculations. See U.S.S.G. Ch. 5, Pt. A, cmt. n.2. Thus, even if no sexually explicit conduct occurred with regard to S.W. and

L.M. and even if the videos of H.W. did not constitute sadistic or masochistic behavior, Jauron's total offense level would be a 43. Accordingly, any error in including S.W. and L.M. as victims for purposes of guidelines calculation or applying a four-level enhancement for sadistic or masochistic behavior with regards to H.W. was harmless.

Furthermore, the district court stated that the "sentence would remain 40 years regardless of how the advisory guidelines were computed. This is a most aggravated criminal case." When the district court would have imposed the same sentence absent an error, such error is harmless. United States v. Pappas, 715 F.3d 225, 230 (8th Cir. 2013); United States v. Idriss, 436 F.3d 946, 951 (8th Cir. 2006). Given the district court's explicit statement that it would have sentenced Jauron to 480 months' imprisonment even if an error in the Guidelines calculation were found, we conclude on this alternative ground that any error in the district court's application of the Guidelines would be harmless.

III.

Jauron further claims that his within-guidelines sentence was substantively unreasonable on the basis that the district court failed to properly consider the 18 U.S.C. § 3553(a) factors. We apply the deferential abuse-of-discretion standard when reviewing the substantive reasonableness of a defendant's sentence. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). "A district court abuses its discretion 'when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Stong, 773 F.3d at 926 (quoting United States v. Robison, 759 F.3d 947, 950-51 (8th Cir. 2014)). We typically accord a presumption of reasonableness to a sentence imposed by the district court that falls within the advisory Guidelines range. United States v. Kobriger, No. 15-2641, 2016 WL

3212498, at *1 (8th Cir. June 10, 2016) (citing <u>United States v. Scales</u>, 735 F.3d 1048, 1052 (8th Cir. 2013)).

The district court sentenced Jauron to 480 months' imprisonment. The advisory guidelines range for a total offense level of 43 is life imprisonment. At the sentencing hearing, the district court explained that it "looks very carefully at the 3553(a) factors of Title 18," noted Jauron's history of stable employment and lack of alcohol or substance abuse, and found that the arguments for a downward variance were "wholehearted and supported by the record, but just simply pale in comparison to the aggravating factors in this case." The district court went on to discuss some of the aggravating factors, including the presence of minor victims, the use of fake identities to trick the minors, and Jauron's history as a sex offender preying on female children. We are satisfied that the district court considered all of the relevant and significant factors and afforded each factor appropriate weight. Jauron's assertion that his stable employment and other positive attributes should have been afforded greater weight is insufficient to demonstrate that the district court abused its discretion in sentencing him within the advisory Guidelines range. <u>See</u> <u>United States v. Gasaway</u>, 684 F.3d 804, 808 (8th Cir. 2012) (holding that, despite defendant's argument that the district court afforded too much weight to some § 3553(a) factors and too little weight to others, it is within the district court's discretion to determine the weight given to each factor); <u>United States v. Townsend</u>, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam) ("The district court may give some factors less weight than a defendant prefers or more to other factors, but that alone does not justify reversal.") (citation omitted). We conclude that the repugnant aggravating factors of this case were properly considered, reversal is not justified in light of the district court's careful consideration of such factors, and the district court did not abuse its discretion when it sentenced Jauron to 480 months or life imprisonment.

## IV.

For the foregoing reasons, Jauron's sentence is affirmed.

_____