# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2861

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Lemar Neely

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 3, 2017
Filed: June 6, 2017
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Robert Lemar Neely was sentenced to 72 months' imprisonment after pleading guilty to one count of being a felon in possession of a firearm. Neely challenges this within-guidelines sentence as substantively unreasonable, claiming that the district

court[1] failed to give sufficient weight to certain mitigating circumstances. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On May 29, 2015, an officer with the Plymouth Police Department initiated a traffic stop of a vehicle in which Neely was riding as a passenger. During the stop, the officer detected an odor of marijuana, searched the car, and found a loaded Taurus .38 caliber revolver in a gray bag in the backseat. Neely admitted that the gun was his. Two months later, a federal grand jury indicted Neely on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).

Pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a)(2), the Presentence Investigation Report ("PSR") set the base level offense at 24 because Neely possessed the firearm after sustaining two felony convictions for crimes of violence. The PSR next recommended a three-level reduction for acceptance of responsibility. Consequently, Neely's total offense level was 21, and with a criminal history category of V, his advisory sentencing guideline range was 70 to 87 months' imprisonment.

At Neely's sentencing hearing, the district court adopted the PSR guidelines calculations and confirmed that neither party had any relevant objections. The court also noted that it had received and considered a number of pre-hearing filings, including the parties' sentencing position memoranda and letters from Neely's mother, the mother of his children, and Neely himself. During argument, Neely's counsel sought a 36-month sentence. Primarily, he claimed that Neely possessed the gun out of concern over an alleged string of assaults and threats received as a result of testifying as a state witness in a 1998 murder trial. He also discussed Neely's difficult childhood. Neely himself then addressed the court, expressing remorse for

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

his conduct and describing his commitment to his two children. The Government responded by acknowledging that Neely had faced difficult circumstances in his life, but it emphasized that he still bore responsibility for his violent past. Specifically, the Government noted that Neely had four adult felony convictions and numerous misdemeanor and gross misdemeanor convictions. The district court then analyzed the relevant 18 U.S.C. § 3553(a) factors. The court expressly addressed Neely's main argument for a below-guidelines sentence, questioning whether his numerous probation violations "were all related to . . . his fear of people coming after him." Then, stressing the need to promote general deterrence and respect for the rule of law, the court sentenced Neely to 72 months' imprisonment, near the bottom of the guidelines range. Neely timely filed this appeal.

Neely challenges his sentence as substantively unreasonable, claiming that it was greater than necessary to accomplish the goals set forth in § 3553(a). Specifically, he suggests that the district court gave too little weight to the history of assaults and threats related to his testimony in the 1998 murder trial. "We review the substantive reasonableness of a sentence under an abuse-of-discretion standard." *United States v. Clay*, 622 F.3d 892, 895 (8th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). As we have previously noted, this type of review "is narrow and deferential," and "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted). Further, "sentences that fall within the Guidelines range are presumptively reasonable on appeal." *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam) (citations omitted).

Neely argues that the district court abused its discretion "by neglecting entirely the history of assaults and threats to his life," claiming that "[t]he sentencing transcript is completely devoid of any discussion by the district court regarding Mr. Neely's experiences following his agreement to be a witness." This argument

-3-

collapses under the weight of the record. As noted above, the district court expressly addressed Neely's purported mitigating circumstances, questioning whether Neely's numerous crimes and probation violations over the fifteen years following his testimony "were all related to . . . his fear of people coming after him." Neely's counsel responded by conceding that this was not the case. Thus, the record makes clear that the district court acknowledged, understood, and considered the mitigating factors that Neely presented. The court simply did not agree that these factors warranted a more lenient sentence. As we have previously held, where a "district court was clearly aware of the facts alleged and took them into account . . . [a defendant] must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." *Townsend*, 617 F.3d at 995. Because Neely fails to do so here, we conclude that the district court did not abuse its discretion in sentencing him to 72 months' imprisonment.

Accordingly, we affirm Neely's sentence.

_____