# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3364

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Lee Warren

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: June 5, 2017
Filed: September 5, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jeremy Lee Warren pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] calculated an

_____

[1] The Honorable Stephen N. Limbaugh Jr., United States District Judge for the Eastern District of Missouri.

advisory sentencing guidelines range of 51 to 63 months in prison.  The government moved for an upward variance in light of Warren's extensive criminal history, and the district court granted the variance, sentencing him to 75 months' imprisonment.  The district court ordered this sentence to be served consecutively to any other sentences imposed in other courts.  Warren appeals, arguing the district court erred in granting the upward variance and in imposing the sentence to run consecutively.  We affirm.

Warren argues that the district court abused its discretion in considering the sentencing factors under 18 U.S.C. § 3553(a).  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review).  "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  Id. (citation and internal quotation marks omitted).  "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Reynolds, 643 F.3d 1130, 1136 (8th Cir. 2011) (quoting United States v. San-Miguel, 634 F.3d 471, 476 (8th Cir. 2011)).  To successfully challenge a district court's consideration of the § 3553(a) factors, a defendant "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors."  United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam).

Contrary to Warren's arguments, however, we cannot say the district court abused its discretion.  First, at the time Warren was sentenced for the present offense in 2016, he had one prior felony conviction from 2004, two from 2005, one from 2006, one from 2010, and one from earlier in 2016.  The district court thus "did not abuse its discretion by placing particular emphasis on [Warren's] consistent and recurring criminal conduct."  United States v. Jenkins, 758 F.3d 1046, 1051 (8th Cir. 2014).  Second, we cannot say that the district court abused its discretion by not

giving more weight to Warren's addiction to methamphetamine, which began when he was 13 years old. As the district court and Warren's counsel noted at sentencing, Warren was previously given the opportunity—but failed—to complete a drug treatment program. The district court further encouraged Warren to take advantage of the drug program in the federal prison system, which the district court characterized as "the best in the world." Finally, to the extent the district court expressed surprise that Warren continued to commit felony crimes after a 2014 accident left him partially paralyzed from the waist down, we cannot say the district court gave "significant weight" to this factor. See Feemster, 572 F.3d at 461. The district court, as Warren notes on appeal, expressed its surprise as a mere "afterthought." Accordingly, Warren has not shown more than disagreement with how the district court weighed the factors under § 3553(a). Townsend, 617 F.3d at 995.

In light of the district court's consideration of the § 3553(a) factors, we also cannot say that the district court's 12-month upward variance was substantively unreasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) ("[I]f the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."). Nor can we say it was unreasonable to impose the sentence consecutive to Warren's other sentences. See 18 U.S.C. § 3584(b) (sentencing court must consider the § 3553(a) factors in determining whether to impose a consecutive sentence); United States v. Bryant, 606 F.3d 912, 920 (8th Cir. 2010) (stating that an appellate court reviews imposition of consecutive sentences for "reasonableness" and that, generally, "there is no requirement that a district court provide a separate statement of reasons" for its consideration of the § 3553(a) factors when imposing a consecutive sentence).

We therefore affirm the judgment of the district court.

_____