# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1747

_____

United States of America

*Plaintiff - Appellee*

v.

Benjamin Ross Padgett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 8, 2018
Filed: June 12, 2018
[Unpublished]

_____

Before GRUENDER, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In June 2004, Benjamin Ross Padgett was sentenced to 141 months imprisonment and three years of supervised release after he pled guilty to knowingly and intentionally possessing pseudoephedrine, and knowing, intending, and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). In March 2017, while on

supervised release, Padgett failed to provide urine samples, and he admitted that he used methamphetamine, associated with persons engaged in criminal activity, and removed a sweat patch that was applied to him for the purpose of testing for substance abuse. As a result, the district court revoked Padgett's supervised release. Padgett's recommended Guidelines sentencing range was 8 to 14 months imprisonment. The district court sentenced him to 11 months imprisonment followed by one year of supervised release. Padgett appeals, arguing that his revocation sentence is substantively unreasonable. We disagree.

"We review a district court's sentence on revocation of supervised release for . . . substantive reasonableness under the same reasonableness standard that applies to initial sentencing proceedings." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam) (alteration in original) (internal quotation marks omitted). Thus, "we apply a highly deferential abuse of discretion standard." United States v. Peeples, 879 F.3d 282, 289 (8th Cir. 2018). We will find that a district court has abused its discretion "when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Jauron, 832 F.3d 859, 864 (8th Cir. 2016) (internal quotation marks omitted). Furthermore, we presume that the district court's sentence is reasonable if it "falls within the advisory Guidelines range." Id.

In imposing a sentence, the district court is required to consider the factors enumerated in 18 U.S.C. § 3553(a). "[T]he court has substantial latitude to determine how much weight to give the various factors under § 3553(a)." United States v. Peterson, 887 F.3d 343, 349 (8th Cir. 2018) (internal quotation marks omitted). When the district court imposes a sentence after making an individualized assessment of the facts in light of the § 3553(a) factors, "such [a] sentence is not unreasonable." United States v. Parker, 762 F.3d 801, 812 (2014) (internal quotation marks omitted); see also Peterson, 887 F.3d at 349 (finding that the district court did not abuse its

discretion in imposing a sentence when it gave significant weight to the nature of the crime, the seriousness of the offense, and the characteristics of the defendant).

Because Padgett's sentence fell within the recommended sentencing range, we presume that it is reasonable, and Padgett has not presented any evidence to rebut that presumption.  See Jauron, 832 F.3d at 864. Furthermore, the district court explicitly stated that it considered each and every factor under § 3553(a).  Specifically, the court focused on Padgett's personal characteristics and criminal history, citing Padgett's 19-year-long criminal history and his history of refusing to obey the rules while incarcerated.  The court also highlighted that Padgett has not taken any significant steps to recover from drug addiction, noting his refusal to take drug abuse classes and his use of drugs within a month of his release from prison.  It was completely within the district court's discretion to weigh these factors heavily in imposing Padgett's sentence.  See Peterson, 887 F.3d at 349.  Accordingly, we find that the district court did not abuse its discretion and Padgett's sentence is not substantively unreasonable.

For the foregoing reasons, we affirm the district court's judgment.

_____