# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1752

_____

United States of America

*Plaintiff - Appellee*

v.

Keeler Hopkins, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: April 9, 2018
Filed: June 28, 2018
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

In 2015, Keeler Hopkins, Jr. pled guilty to the charge of assault by strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153 arising from an incident on land held in trust on behalf of the Yankton Sioux Tribe in which he choked, struck, and elbowed his wife. He was sentenced to 12 months and one day of imprisonment followed by two years of supervised release. Hopkins's first term of

supervised release was revoked in October 2016 based upon Hopkins's failure to reside in a residential reentry center as ordered by his probation officer. He was sentenced to three months imprisonment and two years of supervised release.

His supervised release was revoked for a second time in January 2017 following his absence from his residential reentry center without permission and his termination from the residential reentry program. He was sentenced to one month of imprisonment and 32 months of supervised release. Hopkins's third term of supervised release commenced on February 3, 2017. He was again assigned to a residential reentry center but he left the facility without permission and he was terminated from the program. He admitted to probation officers that he used methamphetamine and tampered with his drug tests while residing at the residential reentry center. He was assigned to another residential reentry center but he again left without permission and was terminated from the program. A third revocation petition was filed on March 1, 2017 and, at the revocation hearing, Hopkins admitted drug use and his for-cause termination from the residential reentry center. Hopkins agreed that the U.S. Sentencing Guidelines imprisonment range (Guidelines range) for his violations is four to 10 months but requested that the district court impose a term of probation with a condition of substance abuse treatment, home confinement, and an ankle monitor. The district court[1] revoked Hopkins's supervised release and sentenced him to 10 months imprisonment followed by 22 months of supervised release. The court instructed the probation office to attempt to place Hopkins in a treatment program following his term of imprisonment. Hopkins appeals contending that the district court imposed a substantively unreasonable sentence.

"We review the district court's sentence on revocation of supervised release for . . . substantive reasonableness under the same reasonableness standard that applies

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

to initial sentencing proceedings." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam) (alteration in original) (internal quotation marks omitted). Accordingly, "we apply a highly deferential abuse of discretion standard." United States v. Peeples, 879 F.3d 282, 289 (8th Cir. 2018). A district court abuses its discretion "when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Jauron, 832 F.3d 859, 864 (8th Cir. 2016) (internal quotation marks omitted). If a sentence "falls within the advisory Guidelines range," we presume the sentence to be reasonable. Id.

In sentencing, the district court is required to consider the factors set forth in 18 U.S.C. § 3553(a). However, "the court has substantial latitude to determine how much weight to give the various factors under § 3553(a)." United States v. Peterson, 887 F.3d 343, 349 (8th Cir. 2018) (internal quotation marks omitted). A sentence imposed after the district court makes an individualized assessment of the facts in light of § 3553(a) is not unreasonable. United States v. Parker, 762 F.3d 801, 812 (8th Cir. 2014); see also Peterson, 887 F.3d at 349 (the district court did not abuse its discretion in imposing a sentence when it gave significant weight to the nature of the crime, the seriousness of the offense, and the characteristics of the defendant).

Hopkins's sentence falls within the Guidelines range; accordingly, we presume that it is reasonable and he points to nothing to rebut the presumption. See Jauron, 832 F.3d 864. Further, in sentencing Hopkins, the district court stated that it had considered "the factors outlined in 18 U.S.C. §§ 3553 and 3583." Judge Schreier presided over Hopkins's original sentencing and his previous two revocation proceedings and thus was familiar with Hopkins's history and characteristics. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005). At this sentencing Hopkins's counsel and Hopkins himself described Hopkins's methamphetamine addiction, poor history of cooperation with treatment and requests for drug treatment

and home confinement with an ankle monitor. The United States noted Hopkins's failure to comply with past conditions of supervised release and his defiant attitude and requested a sentence within the Guidelines range. Finally, in announcing the sentence, the district court discussed the previous sentences imposed, Hopkins's substance abuse, and Hopkins's repeated failure to abide by conditions of supervised release. We conclude that the district court considered the relevant factors and despite Hopkins's advocacy for a sentencing mix of a different composition, the district court did not abuse its discretion. Hopkins's sentence is substantively reasonable.

For the reasons stated herein, we affirm the district court's judgment.

_____