# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1459

_____

United States of America

*Plaintiff - Appellee*

v.

Virgil Apodaca, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: March 12, 2018
Filed: August 07, 2018
[Unpublished]

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

On November 17, 2016, Virgil Apodaca, Sr. pled guilty to conspiracy to distribute and possession with intent to distribute methamphetamine in violation of

21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). Prior to sentencing, the district court[1] ordered Apodaca's pre-trial release due to his many health complications on the condition that Apodaca take the appropriate steps to address an outstanding warrant in state court for driving on a revoked license. Apodaca did not resolve the warrant. Instead, he continued driving on a revoked license and at one point struck and seriously injured a pedestrian. On February 13, 2017, the district court sentenced Apodaca to 96 months imprisonment. Apodaca appeals his sentence, arguing that it is substantively unreasonable because the district court did not give enough weight to his failing health and gave too much weight his traffic accident when imposing the sentence. We disagree and affirm.

When reviewing a defendant's sentence for substantive unreasonableness, "we apply a [deferential] abuse-of-discretion standard." United States v. Peterson, 887 F.3d 343, 349 (8th Cir. 2018) (alternation in original) (internal quotation marks omitted). "A district court abuses its discretion when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Jauron, 832 F.3d 859, 864 (8th Cir. 2016) (internal quotation marks omitted). We presume that a sentence is reasonable when it "falls within the advisory Guidelines range." Id.

When imposing a sentence, the district court must apply the 18 U.S.C. § 3553(a) factors, but it "has substantial latitude to determine how much weight to give the various factors." Peterson, 887 F.3d at 349 (internal quotation marks omitted). "Where [a] district court in imposing a sentence makes an individualized assessment based on the facts presented . . . such [a] sentence is not unreasonable."

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

United States v. Parker, 762 F.3d 801, 812 (8th Cir. 2014) (first alternation in original) (internal quotation marks omitted).

The Pre-Sentence Report, which neither party challenged, calculated Apodaca's total offense level as 21 and placed him in Criminal History Category VI. Thus, Apodaca's Guidelines sentencing range was 77-96 months imprisonment. The district court's sentence of 96 months imprisonment falls within the Guidelines sentencing range, so we presume that the sentence was reasonable. Apodaca has failed to present any evidence rebutting that presumption.

The district court expressly stated that it was "required to consider a number of factors when imposing a sentence" and proceeded to list several of the § 3553(a) factors. The court then considered those factors, heavily emphasizing Apodaca's criminal history, the need to avoid unwarranted sentencing disparities, and the need to protect the public. Apodaca's criminal history is extensive and includes acts of violence. He also has a history of involving his sons in his drug dealing activities. Furthermore, on pre-trial release, he continued to violate the law and endanger the public by failing to resolve a warrant for driving on a revoked license, continuing to drive on a revoked license, and hitting and injuring a pedestrian with his vehicle. These facts demonstrate an incredible antipathy for the law and disregard of public welfare. The district court was well within its discretion to give those factors significant weight. See Peterson, 887 F.3d at 349. Finally, the district court considered Apodaca's failing health, but was within its authority to determine that Apodaca's health problems did not outweigh the other factors. See id. Therefore, we find that the district court did not abuse its discretion and Apodaca's sentence is not substantively unreasonable.

For the foregoing reasons, we affirm.

_____