# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2308
_____

United States of America

*Plaintiff - Appellee*

v.

Phillip Mark Reinhart

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 17, 2020
Filed: July 17, 2020
[Unpublished]
_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Phillip Mark Reinhart pled guilty, pursuant to a plea agreement, to two counts of production and attempted production of child pornography in violation of 18

U.S.C. §§ 2251(a) and 2251(e). The district court[1] sentenced Reinhart to 360 months imprisonment on one count and 120 months imprisonment on the other, to run consecutively, for a total within-Guidelines range sentence of 480 months. He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Between approximately May 2017 and March 2018, Reinhart caused his seven and nine-year-old step-daughters, who were in his care, custody, and control, to engage in sexually explicit conduct, which he video-recorded on his cellular telephone. In April 2018, Reinhart communicated via online social media with an FBI agent operating as part of a task force investigating child-exploitation offenses. Reinhart sent the agent, who was posing as the father of underage daughters, pornographic images of his step-daughters along with a video depicting a prepubescent female performing oral sex on an adult male. Law enforcement traced Reinhart's communications to his home and executed a search warrant on the residence. A forensic examination of one of Reinhart's cellular telephones revealed approximately 59 images and 13 videos of child pornography. Eight of the image files and four of the video files belonged to 11 known series that contain a child victim previously identified by law enforcement. The cellular telephone also contained images and videos of child pornography involving Reinhart's step-daughters. Further, Reinhart discussed the sexual abuse of his step-daughters and other children in online chats, and he admitted that, in those chats, he solicited images of child pornography from others and encouraged others to produce child pornography. Finally, Reinhart admitted that he had sexual contact with his step-daughters and produced pornographic depictions of the children.

On appeal, Reinhart contends that the district court imposed a substantively unreasonable sentence by giving undue weight to the nature and circumstances of the

_____

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

offenses and by failing to give adequate weight to the results of a psychological evaluation obtained by Reinhart which opines that he does not "meet the criteria for a pedophilic disorder" and presents a "low risk of recidivism." He further asserts that the district court did not give appropriate weight to mitigating factors, including Reinhart's lack of criminal history, his prompt acceptance of responsibility, and his expressions of remorse.

We apply a deferential abuse-of-discretion standard to a challenge that a sentence is substantively unreasonable, taking "into account the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A sentence is unreasonable if the court "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (internal quotation marks omitted). The district court "has substantial discretion in determining how to weigh the [18 U.S.C.] § 3553(a) factors." United States v. Morais, 670 F.3d 889, 893 (8th Cir. 2012). Finally, a sentence within the Guidelines range may be presumed reasonable on appeal. Feemster, 572 F.3d at 461.

At sentencing, the district court stated that it had considered the § 3553(a) factors and mentioned those it deemed applicable in this case. It expressly discussed not only the nature and circumstances of the offenses but also the appropriateness of the sentence to reflect the seriousness of the offenses, to deter others, and to protect the public. See 18 U.S.C. § 3553(a)(2)(A), (B), and (C). The court also discussed Reinhart's history and characteristics, noting his "struggle with mental health" and his family support. In short, while the district court gave weight to the nature and circumstances of Reinhart's offenses, it considered other proper factors in reaching the within-Guidelines range sentence. The district court has wide latitude to weigh relevant factors in sentencing, see United States v. Townsend, 617 F.3d 991, 994 (8th

Cir. 2010) (per curiam), and we find no abuse of discretion in the district court's sentencing decision.

The judgment of the district court is affirmed.

_____