# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3216

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher M. Rouse

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa – Council Bluffs

_____

Submitted: January 15, 2021
Filed: April 23, 2021
[Unpublished]

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

After Christopher Rouse pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, he received a 240-month prison sentence. Although he argues that the district court[1]

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

should have given him a shorter sentence, comparable to the one handed out to a co-defendant, we affirm.

The district court was under no obligation to treat Rouse and his co-conspirator the same, even if their underlying criminal conduct was similar. *See United States v. Baez*, 983 F.3d 1029, 1044 (8th Cir. 2020) (explaining that "the statutory direction to avoid unwarranted sentence disparities . . . refers to *national* disparities, not differences among co-conspirators" (quotation marks omitted)). And here, there were differences, such as the fact that Rouse's co-defendant testified for the government in another case and Rouse did not. *Cf. United States v. Chaika*, 695 F.3d 741, 746 (8th Cir. 2012) (approving of different sentences for co-conspirators when only one "helped the Government substantially in proving its case" (quotation marks omitted)). There were, in other words, "legitimate distinctions" between them that the court took into account. *United States v. Watson*, 480 F.3d 1175, 1178 (8th Cir. 2007).

We also conclude that a sentence of 240 months in prison—below the recommended Guidelines range of 324 to 405 months—was substantively reasonable. *See United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (explaining that "it is nearly inconceivable" that a refusal to vary downward further would be an abuse of discretion (quotation marks omitted)). The record establishes that the district court adequately considered the statutory sentencing factors, 18 U.S.C. § 3553(a), including the mitigating factors that Rouse presented, and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). In the end, Rouse just believes that the district court should have placed greater weight on his mitigating factors, but that "alone does not justify reversal." *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam).

We accordingly affirm the judgment of the district court.

_____