# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2705

———————————————

United States of America

*Plaintiff - Appellee*

v.

Spencer Mason

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: March 13, 2023
Filed: April 28, 2023
[Unpublished]

——————————

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Spencer Mason appeals the above-Guidelines sentence imposed by the district court[1] after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

———————————————

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

On November 8, 2021, law enforcement received a tip from a confidential source that Mason was driving a stolen car while possessing a 9mm pistol and large amounts of methamphetamine. Mason was eventually arrested near Springdale, Arkansas. When a Washington County Sheriff's Office deputy attempted the traffic stop, Mason fled at a high rate of speed, reaching 90 miles per hour. During the chase, Mason ran traffic lights, drove the wrong way and through a fence, and tossed the pistol from the vehicle before crashing into a semi-truck and rolling into a ditch. Law enforcement searched Mason's vehicle, finding a syringe, a spoon with methamphetamine residue, and stolen tools. The officers also retrieved the discarded loaded pistol. Mason told the arresting officers that he had found the pistol in an unlocked car, and acknowledged he was prohibited from possessing a firearm due to his status as a felon.

Mason pled guilty to being a felon in possession of a firearm. At sentencing, the district court calculated an advisory Sentencing Guidelines range of 37 to 46 months. In considering the 18 U.S.C. § 3553(a) sentencing factors, the district court identified and weighed both aggravating and mitigating factors. As aggravating factors, the district court considered the severity of the offense, including Mason's possession of a stolen loaded handgun, operation of a stolen vehicle, and attempted escape from law enforcement in a dangerous high-speed chase while under the influence of methamphetamine. The district court also noted Mason's prior federal convictions for bank fraud and possession of stolen mail, and subsequent revocations. In mitigation, the district court acknowledged Mason's addiction and mental health and the role they played in his criminal conduct. Ultimately, the court determined the advisory Guidelines range was insufficient and imposed a 63-month term of imprisonment to be followed by three years of supervised release.

On appeal, Mason asserts the above-Guidelines sentence was substantively unreasonable. "We review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." United States v. Pepper, 518 F.3d 949, 951 (8th Cir. 2008) (citation omitted). A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received

significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Palkowitsch, 36 F.4th 796, 802 (8th Cir. 2022) (quotation omitted). Where, as here, the district court varies from the Guidelines range, we are "not permitted to apply a presumption of unreasonableness" and "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Feemster, 572 F.3d 455, 461–62 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

While Mason contends the district court abused its discretion by giving insufficient weight to certain factors, such as his history of substance abuse and mental illness, the sentencing court "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). To be entitled to a new sentencing hearing, Mason must demonstrate more than the district court disagreed with his view of the weight to be given certain sentencing factors. United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam).

The record demonstrates the district court was thoroughly aware of Mason's history of methamphetamine addiction and mental health history and took these factors into consideration when imposing the sentence. The district court found the continued threat Mason posed to public safety and his lengthy criminal history outweighed his addiction and mental health issues. The court acted within its broad discretion in determining the appropriate sentence. See United States v. Drew, 9 F.4th 718, 726 (8th Cir. 2021) (determining the district court did not abuse its discretion in varying upward by 67 months after considering the defendant's criminal history, the need for respect for the law, and public safety).

The judgment of the district court is affirmed.

_____