# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2986

_____

United States of America

*Plaintiff - Appellee*

v.

Romondo Jenkins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: May 23, 2014
Filed: July 15, 2014
_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Following a jury trial, Romondo Jenkins was convicted of possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced Jenkins to 150 months' imprisonment, within the range

---

[1]The Honorable J. Leon Holmes, United States District Court Judge for the Eastern District of Arkansas.

prescribed by the advisory sentencing guidelines. Jenkins appeals both his conviction and his sentence. For the reasons described below, we affirm.

On November 9, 2010, while investigating a suspected drug-trafficking ring in Pine Bluff, Arkansas, Drug Enforcement Administration ("DEA") agent Randy Harness arranged for a confidential informant ("CI") to conduct a controlled drug purchase from Jenkins. When called by the CI, Jenkins agreed to sell her cocaine base and provided an address at which they could meet. Before the controlled purchase, Harness searched the CI to ensure that she did not have any contraband that might taint the purchase. Harness then drove the CI to the proposed meeting location, where the CI met Jenkins and purchased a bag of cocaine base from him. She then delivered the cocaine base to Harness.

Harness kept the cocaine in his possession until he returned to his office later that day. Once at the office, Harness sealed the cocaine in an evidence bag. He completed a standardized form known as a DEA-12, which documents an exhibit's chain of custody. On the DEA-12, Harness described the exhibit. He then placed the exhibit in a secure evidence locker. Little Rock Police Officer Willie Thomas, who worked on a joint drug taskforce with Harness, attested on the evidence-locker log book that he had witnessed Harness deposit the cocaine in the locker.

The following day, Detective Lee Freeman removed the cocaine from the evidence locker and sent it by Federal Express to the DEA laboratory for testing. Along with the cocaine, he mailed a DEA-7, a standardized form that provides the testing laboratory with information about the exhibit. On the DEA-7, Freeman provided a narrative description of the exhibit and its origin that correctly identified the date on which the exhibit was obtained and that the CI had purchased it from Jenkins. Elsewhere on the DEA-7, however, Freeman erroneously identified the date on which the exhibit was obtained and the date on which he had completed the form. Freeman also completed a DEA-12 to document his removal of the exhibit from the

evidence locker. When Freeman generated the DEA-12, he used as a template a DEA-12 created for a prior exhibit that had consisted of two bags. Freeman failed to change the exhibit description on the form that remained from the prior exhibit. Thus, although Freeman knew that the cocaine in this case was contained in only one bag, the DEA-12 that he generated nonetheless described the exhibit as "two individually wrapped clear plastic bags containing off-white rock-like substance." The DEA laboratory tested the exhibit sent by Freeman and determined it to be cocaine base.

A grand jury indicted Jenkins on one count of possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). After a jury found Jenkins guilty, the district court sentenced him to 150 months' imprisonment, within the range prescribed by the advisory sentencing guidelines. Jenkins timely appealed both his conviction and his sentence.

On appeal, Jenkins first argues that the district court erred by denying his motion for a judgment of acquittal on the ground that the Government failed to present sufficient evidence to support the jury's verdict. "We review the denial of a motion for a judgment of acquittal based on the sufficiency of the evidence *de novo*." *United States v. Chatmon*, 742 F.3d 350, 352 (8th Cir. 2014). "We will affirm unless, viewing the evidence in the light most favorable to the Government and accepting all reasonable inferences that may be drawn in favor of the verdict, no reasonable jury could have found [the defendant] guilty." *Id.* (quoting *United States v. Bynum*, 669 F.3d 880, 883 (8th Cir. 2012)). In reviewing a conviction for sufficiency of the evidence, we must "resolv[e] evidentiary conflicts in favor of the government." *United States v. Cook*, 603 F.3d 434, 437 (8th Cir. 2010). In order to find that Jenkins violated § 841(a)(1), the jury was required to find that he knowingly possessed cocaine base and that he intended to distribute the cocaine base. *United States v. Parker*, 587 F.3d 871, 881 (8th Cir. 2009). Jenkins does not argue on appeal that he lacked the requisite intent to distribute. He argues only that the Government

presented insufficient evidence to support the conclusion that he possessed cocaine base.

Jenkins argues that, based on errors and inconsistencies in the evidence presented by the Government, the jury could not have concluded beyond a reasonable doubt that the substance found by the DEA laboratory to be cocaine base was the same substance purchased by the CI from Jenkins. Jenkins focuses in particular on the errors in the standardized forms created by Freeman. However, at trial, Freeman explained that the errors in his DEA-12 arose because he had used a prior DEA-12 as a template but had forgotten to change certain fields on the form. He testified that the cocaine base that he sent to the DEA laboratory was contained in only one bag, and this description accords with Harness's description of the substance obtained from Jenkins and deposited in the evidence locker. Similarly, although Freeman listed two erroneous dates on his DEA-7, other portions of the form provided the correct dates, and his testimony at trial corroborated those latter portions. The jury was permitted to credit Freeman's testimony, which explained the errors and supported the conclusion that the substance tested by the DEA laboratory was the same substance deposited in the evidence locker by Harness. *See United States v. Wanna*, 744 F.3d 584, 588 (8th Cir. 2014).

Jenkins also observes that, at trial, Harness testified that the cocaine was in one piece when he placed it in the evidence locker, while Thomas testified that the cocaine was in two pieces. Jenkins argues that this inconsistency undermined the exhibit's chain of custody so substantially as to preclude the jury from finding beyond a reasonable doubt that the substance tested by the DEA laboratory was the same substance that was purchased from him. However, the jury was permitted to credit Harness's testimony over Thomas's, especially given that Harness's description of the exhibit matches the description provided at trial by Freeman. "The jury has the responsibility of resolving conflicts or contradictions in testimony, and we resolve any credibility issues in favor of the verdict." *Id.* (quoting *United States v. Ali*, 616

-4-

F.3d 745, 755 (8th Cir. 2010)).  Thus, the jury reasonably could have concluded beyond a reasonable doubt that the substance obtained by the CI from Jenkins was the same substance determined by the DEA laboratory to be cocaine base.  Even if the evidence might have permitted the jury to draw a different conclusion, the jury did not do so.  "[T]he facts and circumstances relied on by the government must be consistent with guilt, but they need not be inconsistent with any other hypothesis . . . ."  *Chatmon*, 742 F.3d at 353 (quoting *United States v. Lam*, 338 F.3d 868, 872 (8th Cir. 2003)).  Thus, taking the evidence in the light most favorable to the verdict, *id.* at 352, the Government presented sufficient evidence to permit the conclusion that Jenkins possessed cocaine base.  Accordingly, we affirm the district court's denial of Jenkins's motion for a judgment of acquittal.

Jenkins next challenges his 150-month, within-the-guidelines sentence on both procedural and substantive grounds.  First, he argues that the district court committed procedural error "by failing to give any meaningful consideration" to the sentencing factors enumerated in 18 U.S.C. § 3553(a).  A district court must consider the § 3553(a) factors when crafting a sentence.  *United States v. Shores*, 700 F.3d 366, 375-76 (8th Cir. 2012).  In doing so, the "court need not quote verbatim all of the factors listed in § 3553(a)."  *Id*. at 376.  Here, however, the district court *did* scrupulously identify each § 3553(a) factor and expressly stated that it was "taking into account all of [those] factors."  In addition, the district court heard argument from Jenkins's counsel regarding the § 3553(a) factors and considered the information contained in Jenkins's presentence investigation report.  *See United States v. Struzik*, 572 F.3d 484, 487 (8th Cir. 2009) (concluding that district court adequately considered § 3553(a) factors where it received "significant exposure" to the defendant's presentence investigation report and argument at sentencing hearing); *United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009) (same).  As such, we are convinced that the district court adequately considered the factors enumerated by § 3553(a) and thus did not commit any procedural error.

Second, Jenkins argues that the district court imposed a substantively unreasonable sentence. "We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. A within-range sentence is presumptively reasonable." *United States v. Huston*, 744 F.3d 589, 593 (8th Cir. 2014) (quoting *United States v. Cromwell*, 645 F.3d 1020, 1022 (8th Cir. 2011)). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)). Jenkins takes issue with the district court's statement that, because of his extensive criminal history, it would focus "particularly [on] the need to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(2)(C). We have held consistently that a "district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011) (quoting *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009)). Jenkins's criminal history spans several decades and includes numerous convictions for controlled-substance and other crimes. In addition, at the time of sentencing, serious criminal charges were pending against Jenkins in at least four other proceedings. Thus, the district court did not abuse its discretion by placing particular emphasis on Jenkins's consistent and recurring criminal conduct. *See United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012) (holding that district court's "emphasis on the defendant's criminal history . . . falls within a sentencing court's 'substantial latitude to determine how much weight to give the various factors under § 3553(a)'" (quoting *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009))). Accordingly, we find no basis for concluding that the sentence imposed by the district court was substantively unreasonable.

For the foregoing reasons, we affirm both Jenkins's conviction and his sentence.

_____