# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2732

_____

United States of America

*Plaintiff - Appellee*

v.

Armando Vera-Porras

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 16, 2015
Filed: May 20, 2015
[Unpublished]

_____

Before WOLLMAN, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Armando Vera-Porras, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, was found guilty after a jury trial of possessing a prohibited item in prison in violation of 18 U.S.C. § 1791(a)(2) after officers recovered from a common area a cell phone that had been used to communicate with contacts found on

Vera-Porras's approved contact list.  The district court[1] sentenced Vera-Porras to 4 months imprisonment, to be served consecutively with his original 120-month sentence.  Vera-Porras appeals, asserting that the district court erred in denying his motion for judgment of acquittal on the basis that the government failed to sufficiently prove two elements of the crime: that Vera-Porras actually possessed the contraband cell phone and that the phone was "used by a user of commercial mobile service," pursuant to the statute.  We affirm.

I.

At trial, the jury heard testimony from Correctional Officers Robert Steward, Daniel Harris, and Byron Flint, as well as testimony from Officer Stanley Davenport, a Special Investigative Services Technician, and Darnell Stewart, a forensic examiner. "Consistent with our standard of review, the following facts are described in the light most favorable to the verdict." United States v. Garcia, 521 F.3d 898, 899 (8th Cir. 2008).  Early in the morning on May 5, 2013, Officer Steward found three cell phones in a common area of the unsecured camp at the Forrest City Federal Correctional Institution.  Each cell phone was concealed in an individual potato chip bag in a trash can in the facility's laundry room.  Because Officer Steward was the only officer on duty at the unsecured camp, the operations lieutenant sent Officer Harris to pick up the phones from Officer Steward.  Officer Harris delivered the phones to the operations lieutenant, and the operations lieutenant placed each phone in its own secured drop box. Officer Davenport removed one phone from one of the drop boxes, photographed it, and placed it in an evidence safe.  This phone is the subject of the charges against Vera-Porras.  Officer Flint removed the phone from the safe, photographed it, and sent it to Washington, D.C., to a forensic examiner, Stewart.

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

Officer Flint noted that the phone was operational, was made by Samsung, and had a T-Mobile service provider logo.

Stewart utilized a computer program to retrieve all of the physical data from the phone. He downloaded the entire memory and all available data, retrieving at least 107 deleted text messages in the process. The last outgoing text message on the phone was sent at 4:15 am on May 5, 2013, roughly one hour before Officer Steward found the phone. After Stewart recovered the deleted text messages from the cell phone, Officer Flint compared the phone numbers from the messages to lists of all the prisoners' authorized contacts. These lists contained each individual prisoner's authorized contacts for phone, email, and visitation. Eighty-five of the recovered text messages were sent to or received from a phone number that appeared only on Vera-Porras's authorized contacts list.

At the close of the government's evidence, Vera-Porras moved for a judgment of acquittal, arguing that the government had not provided sufficient evidence to prove two elements required by 18 U.S.C. § 1791(a)(2): that Vera-Porras possessed the contraband cell phone and that the cell phone was "used by a user of commercial mobile service." The district court denied the motion for judgment of acquittal, finding that the evidence of the 85 messages to contacts only on Vera-Porras's contact list was sufficient to show possession and finding that the T-Mobile service provider logo on the phone and a text message referencing T-Mobile were sufficient to show the phone was serviced by a "commercial mobile service." The case was submitted to the jury, who returned a guilty verdict. The district court then sentenced Vera-Porras to 4 months imprisonment, to be served consecutively with his original 120-month sentence. This appeal follows.

## II.

We consider whether the district court erred in denying Vera-Porras's motion for judgment of acquittal on the basis that the government's evidence was insufficient to prove all elements of the charged crime. "We review the denial of a motion for a judgment of acquittal based on the sufficiency of the evidence de novo." United States v. Jenkins, 758 F.3d 1046, 1049 (8th Cir. 2014) (internal quotation marks omitted). We view all evidence "in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Johnson, 639 F.3d 433, 437 (8th Cir. 2011) (internal quotation marks omitted). We will sustain a jury's verdict if "any rational jury could have found the defendant guilty beyond a reasonable doubt." United States v. Ojeda-Estrada, 577 F.3d 871, 874 (8th Cir. 2009).

Vera-Porras argues that the government did not provide sufficient evidence to prove that Vera-Porras had either actual or constructive possession of the contraband cell phone. In particular, Vera-Porras asserts that only weak circumstantial evidence supports the contention that he possessed the phone and that this circumstantial evidence is insufficient to support a conviction. We disagree. The evidence the government provided to prove constructive possession, while circumstantial, was sufficient to support a guilty verdict. This evidence included the fact that the vast majority of the 107 text messages were sent to or received from numbers only on Vera-Porras's contact list, that Vera-Porras had access to the unsecured area in which Officer Steward recovered the cell phone, and that the last text message was sent shortly before the discovery of the phone. Viewing the evidence in the light most favorable to the government, and accepting all reasonable inferences in support of the verdict, we conclude that a rational jury could have found Vera-Porras guilty beyond a reasonable doubt. The district court thus did not err in denying Vera-Porras's motion for judgment of acquittal on this basis.

Vera-Porras also argues that the government did not provide sufficient evidence to prove that the phone was "used by a user of commercial mobile service," specifically alleging that the government did not utilize expert testimony or phone records to prove this element. Under 18 U.S.C. § 1791(a)(2), any prisoner who possesses a prohibited object is subject to punishment under this section. A "prohibited object" is defined to include "a phone or other device used by a user of commercial mobile service (as defined in section 332(d) of Title 47) in connection with such service." 18 U.S.C. § 1791(d)(1)(F). Title 47 defines "commercial mobile service" as "any mobile service . . . that is provided for profit and makes interconnected service available (A) to the public or (B) to such classes of eligible users as to be effectively available to a substantial portion of the public . . . ." 47 U.S.C. § 332(d).

The district court concluded that the T-Mobile logo on the phone, as well as a text message retrieved from the phone referencing T-Mobile, sufficiently proved that the phone was "used by a user of commercial mobile service." We agree. Although no case law provides guidance regarding the evidence required to prove this element of the crime, we find cases considering the evidence required to prove a defendant possessed a firearm under 18 U.S.C. § 922(g) instructive. In these cases, lay testimony from eye witnesses can be sufficient to support a finding that an object is a firearm and the government need not present expert testimony. See, e.g., United States v. Dobbs, 449 F.3d 904, 910-11 (8th Cir. 2006) (holding that government could prove an object is a firearm without a physical examination of the object and a lay person may testify as to whether an object meets the statutory definition of a firearm). Here, expert testimony is similarly unnecessary to prove that the phone Officer Steward recovered was "used by a user of commercial mobile service." The government presented sufficient evidence, both in the form of lay testimony and the cell phone itself, to prove this element of the crime. This evidence included testimony that the phone was operational on the day Officer Steward discovered the phone because the last text message on the phone was sent roughly one hour prior to

-5-

discovery, a T-Mobile logo on the phone itself, and a text message received by the phone stating "T-Mobile, right?" indicating that the text message discussion referred to the phone carrier.  And, with respect to the physical examination of the phone, the jury was entitled to rely upon its common sense that an operational cell phone bears the logo of its commercial carrier in determining whether the cell phone was "used by a user of commercial mobile service."   Cf. United States v. French, 12 F.3d 114, 117 (8th Cir. 1993) ("Expert testimony was inappropriate because the subject matter of the proffered testimony was a matter of common sense.").  We thus conclude that the district court did not err in denying Vera-Porras's motion for judgment of acquittal.

## III.

For the foregoing reasons, we affirm.

_____