# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4053
_____

United States of America

*Plaintiff - Appellee*

v.

Jamie L. Ballard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 18, 2017
Filed: October 5, 2017
[Published]
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Jamie L. Ballard challenges the substantive reasonableness of the 121-month sentence the district court[1] imposed after she pleaded guilty to possession with intent to distribute methamphetamine. We affirm.

After Ballard entered her guilty plea, the United States Probation Office prepared a presentence report that calculated an advisory Guidelines range of 121 to 151 months in prison. At the sentencing hearing, Ballard sought a downward variance. She acknowledged that she had numerous prior misdemeanor convictions, but emphasized that her most recent convictions were for non-violent offenses and that she was addicted to drugs. She also pointed out that she had never served prison time, that the amount of methamphetamine she had possessed was only slightly above the threshold for a two-level increase to her Guidelines offense level, that she had children, that she was attending school at the time of her arrest, and that she had a history of consistent employment. The government noted, among other things, that Ballard had tested positive for methamphetamine several times since her initial arrest, and that, as result, the magistrate judge had revoked her pre-trial release.

The district court sentenced Ballard to 121 months in prison, followed by 3 years of supervised release. The court noted that Ballard—who was only 31 years old at the time she was sentenced—had no fewer than 31 prior convictions, and reasoned that, although they were all misdemeanors, the convictions reflected a continued course of criminal conduct and a lack of effort on Ballard's part to stop using drugs or to otherwise rehabilitate herself. The district court referenced 18 U.S.C. § 3553, and explained that it was imposing a 121-month sentence "for punishment, deterrence and to serve the ends of justice, to afford adequate deterrence to criminal conduct by [Ballard], to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

On appeal, Ballard contends that her sentence is substantively unreasonable. In her view, the district court failed to consider mitigating factors that should have received considerable weight, and committed a clear error in judgment in weighing the § 3553(a) factors.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, considering the totality of the circumstances. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "'A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Jenkins, 758 F.3d 1046, 1050 (8th Cir. 2014) (quoting Feemster, 572 F.3d at 461).

We disagree with Ballard's assertion that the district court failed to consider important mitigating factors. District courts "need not specifically respond to every argument made by the defendant or mechanically recite each § 3553(a) factor." United States v. Struzik, 572 F.3d 484, 487 (8th Cir. 2009) (citation omitted). Ballard's counsel clearly articulated several mitigating factors at the sentencing hearing, and the sentencing record reflects that the district court considered those factors but gave them little weight relative to other § 3553(a) factors.

The district court also did not commit a clear error of judgment in weighing the § 3553(a) factors. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Borromeo, 657 F.3d 754, 757 (8th Cir. 2011). Here, the district court did not clearly err by giving great weight to Ballard's extensive history of criminal conduct, or by giving little weight to her history of drug addiction and the fact that her previous offenses were all misdemeanors. See United States v. Farmer, 647 F.3d 1175, 1180 (8th Cir. 2011) ("A district court's choice to assign

relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors.").  The district court imposed a within-Guidelines-range sentence after considering the § 3553(a) factors, giving great weight to Ballard's extensive history of relatively minor offenses, and considering—but finding unpersuasive—her arguments in favor of mitigation.  The district court did not fail to consider a relevant factor that should have received significant weight, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in considering the appropriate factors.  See Jenkins, 758 F.3d at 1050.  Accordingly, we affirm.

_____