# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2137

_____

United States of America

*Plaintiff - Appellee*

v.

Roger Janis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: April 9, 2018
Filed: July 10, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

Roger Janis challenges the substantive reasonableness of his 60-month sentence for involuntary manslaughter. We affirm the district court.[1]

_____

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

## I. *Background*

After an evening of heavy alcohol consumption, Janis and a companion attempted to move a non-working vehicle. Janis steered the disabled vehicle while another driver used his vehicle to push Janis's. As the vehicles moved down a street, Janis suddenly turned into a residential driveway. His vehicle struck a five-year-old boy who was playing in the driveway. Janis's vehicle continued another 20 feet, dragging the boy. Janis's vehicle stopped when it collided with another vehicle parked in the driveway. Sadly, the boy's injuries proved fatal. At the time of the accident, Janis's blood alcohol concentration was 0.291.

Janis pleaded guilty to involuntary manslaughter under 18 U.S.C. §§ 1153 and 1112. The district court sentenced him to 60 months' imprisonment. This sentence included a 14-month upward variance from the Guidelines range. Janis challenges this resulting sentence as substantively unreasonable.[2]

## II. *Discussion*

On appeal, Janis primarily argues that the district court failed to give due weight to the Guidelines range. He further contends that the district court gave too much weight to the negative aspects of the offense and insufficient weight to mitigating factors. *See* 18 U.S.C. § 3553(a). These errors, he continues, resulted in a substantively unreasonable sentence.

We review the substantive reasonableness of a sentence for an abuse of the district court's discretion. *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam) (citing *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "A district court abuses its discretion when it (1) fails to consider a relevant

---

[2]Janis's appeal waiver excluded his right to appeal any decision regarding the substantive reasonableness of his sentence, in the event of an upward variance. Plea Agreement at 7, *United States v. Janis*, No. 5:16-cr-50080-JLV (D.S.D. Aug. 29, 2016), ECF No. 21.

factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.* (quoting *United States v. Jenkins*, 758 F.3d 1046, 1050 (8th Cir. 2014)). An appellant challenging the reasonableness of his sentence "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." *United States v. Townsend*, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam).

Here, the district court explained the Guidelines to Janis on the record. It stated that the range was advisory and informed Janis that the court was "not bound to follow them; [it could] sentence below them, above them, or within them, but [that it had] to, of course, consider them." Sentencing Transcript at 4–5, *United States v. Janis*, No. 5:16-cr-50080-JLV (D.S.D. May 12, 2017), ECF No. 48. The district court properly calculated the range as 37 to 46 months' imprisonment and identified the eight-year statutory maximum. The court did express some skepticism and frustration at the Guidelines for involuntary manslaughter cases—such as this one—because the circumstances of such cases "are not easily compared." Sentencing Transcript at 23. Upon review, we are well satisfied that the court appropriately considered the Guidelines, as it must. *See* 18 U.S.C. § 3553(a)(4).

Janis did not object to the prepared presentence investigation report (PSR). It showed that Janis had a serious criminal history. Janis had a prior felony conviction for burning an infant's mouth with a hair dryer in some misguided attempt to punish her. Additionally, he had a past felony involving repeatedly sexually abusing a child while intoxicated. The PSR also revealed Janis's frequent alcohol consumption as well as domestic violence with his fiancée—mainly when they were drinking. At sentencing, Janis's lawyer emphasized Janis's remorse, childhood abuse, substance abuse issues, supportive fiancée, and family needs. The district court certainly discussed some of the relevant negative aspects bearing on its decision. It emphasized that "three children now have been severely damaged or killed by" Janis, observed

that Janis has not resolved his problem with alcohol, and noted that this crime was yet another alcohol-related felony. Sentencing Transcript at 11–12. But the record is also clear that the district court heard argument about and considered all of the mitigating factors that Janis mentions on appeal.

The district court thoroughly explained its sentencing decision, including discussing several of the § 3553(a) factors as applied to Janis and providing its rationale for the 14-month upward variance. *See United States v. Boneshirt*, 662 F.3d 509, 517 (8th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). In this appeal, Janis has, at most, shown that the district court disagreed with "his view of what weight ought to be accorded certain sentencing factors." *Townsend*, 617 F.3d at 995. The district court did not abuse its discretion.

### III. *Conclusion*

We affirm.

_____