# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2942

_____

United States of America

*Plaintiff - Appellee*

v.

Venito Lynn Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 24, 2018
Filed: December 14, 2018
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Venito Johnson, Sr., appeals after the district court[1] sentenced him to 51 months' imprisonment and 3 years' supervised release following his conviction for

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

On February 24, 2017, a woman reported to the police that Johnson had threatened her son. Johnson led the responding officers on a high-speed chase through a residential neighborhood, driving at times in excess of eighty miles per hour, running multiple stop signs, and forcing other drivers to stop to avoid being struck. Johnson finally stopped his vehicle in a parking lot and fled on foot. The officers pursued him as he jumped over a fence into a backyard. He then tripped, fell to the ground, and threw a firearm toward an alley. The officers handcuffed him without further incident. The firearm Johnson threw was a semi-automatic pistol, loaded with one round of ammunition in the chamber and thirteen rounds of ammunition in the magazine.

Johnson pleaded guilty to being a felon in possession of a firearm pursuant to a written plea agreement. Johnson's presentence investigation report ("PSR") recommended a base offense level of 14 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(6) and a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing a firearm "in connection with another felony offense." After a three-level reduction for acceptance of responsibility, the PSR determined the total offense level to be 15.

Calculating Johnson's criminal history, the PSR outlined eleven convictions dating from 1993. Of these, nine convictions were not assessed criminal history points, including three felony convictions. The PSR determined that Johnson had four criminal history points, which resulted in a criminal history category of III. The guidelines range was 24-30 months' imprisonment. Neither party objected to the PSR. The Government timely filed a motion seeking a sentence above the advisory range, while Johnson requested that the court impose a sentence within the advisory range.

After reviewing the mitigating and aggravating conduct and considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Johnson to 51 months' imprisonment. The court determined that the aggravated circumstances of Johnson's offense conduct and his understated criminal history justified an upward variance. On appeal, Johnson asserts that the district court abused its discretion by imposing a sentence above the guidelines range. Johnson maintains that the court improperly weighed the § 3553(a) factors by placing too much emphasis on his criminal history.

Where, as here, an appellant does not argue that the district court committed a procedural error, we "move directly to review the substantive reasonableness of his sentence." *United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011). We review a sentence's reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Hill*, 513 F.3d 894, 898 (8th Cir. 2008).

"A district court abuses its discretion when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits clear error of judgment in weighing those factors." *Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011) (internal quotation marks omitted). Johnson admits that criminal history is an appropriate factor but argues that the court abused its discretion by committing a clear error of judgment in giving Johnson's criminal history extraordinary weight.

The court did not abuse its discretion in varying upward based in part on Johnson's criminal history. A defendant's criminal history may provide adequate basis to impose an upward variance. *United States v. Jenkins*, 758 F.3d 1046, 1050-51 (8th Cir. 2014). Here, nine of Johnson's prior convictions were given zero criminal history points, including felony convictions for assault by means of a deadly weapon, stealing a firearm, and escape from custody. Many of these nine offenses occurred while he was under court supervision, some even while awaiting disposition

of a previous charge. And he violated the terms of his parole on numerous occasions, twice absconding from an electronic monitoring program. The district court did not abuse its discretion "by placing particular emphasis on [Johnson's] consistent and recurring criminal conduct." *See id.* at 1051.

Furthermore, Johnson does not argue with the district court's primary justification for the upward variance—the dangerous and aggravated nature of Johnson's offense conduct, which the court accurately described as a "high speed chase through a residential area" during which Johnson "jeopardized the health and safety of a number of civilians, not to mention the police officers themselves." "[A] sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011). Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," our review reveals no clear error of judgment with respect to the weight given to Johnson's criminal history. *See Gall*, 552 U.S. at 51.

For the foregoing reasons, we affirm.

_____