# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3664

_____

United States of America

*Plaintiff - Appellee*

v.

Trevon Terrell Jones, also known as Trey, also known as Trey Eastwood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 9, 2019
Filed: January 31, 2020
[Unpublished]

_____

Before ERICKSON, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Defendant Trevon Jones pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He did not object to his Presentence Investigation Report ("PSR"). The PSR listed prior convictions for aggravated burglary and terroristic threatening. The PSR described the aggravated burglary as a series of

home invasions where residents were present. In at least one home invasion, shots were fired. The terroristic threatening conviction also involved the discharge of a firearm with people present.

Jones's advisory guidelines sentencing range was 30–37 months. The statutory maximum was 10 years. The government argued for an upward variance to 60 months, emphasizing the violent nature of the prior offenses and essentially arguing that Jones's criminal history and history of violence were understated. Jones argued for a sentence within the advisory guidelines range, emphasizing that his prior offenses were not predicate offenses for enhancement purposes. He also emphasized that he did not know his father, suffered childhood abuse at the hands of his mother, and spent time in foster care. While discussing the 18 U.S.C. § 3553(a) factors, the district court[1] addressed the facts surrounding the prior offenses as set forth in the PSR. The district court concluded a sentence of 60 months was necessary to protect the public given the particularly dangerous circumstances at issue in Jones's criminal history.

Jones argues the district court failed to take into account the facts he argued in the district court. He also argues the district court gave undue weight to his criminal history and varied too greatly from the guidelines based largely on factors already accounted for within the guidelines. We disagree and conclude the district court did not abuse its discretion. See United States v. Bertucci, 794 F.3d 925, 927 (8th Cir. 2015) (reviewing the substantive reasonableness of a sentence under the abuse of discretion standard). The district court considered permissible factors, did not fail to consider relevant factors, and did not err in weighing those factors. See United States v. Jenkins, 758 F.3d 1046, 1050 (8th Cir. 2014); United States v. Chase, 560 F.3d 828, 831 (8th Cir. 2009) ("[F]actors . . . already . . . taken into account in calculating

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

the advisory guideline range . . . can nevertheless form the basis of a variance."). Pursuant to § 3553(a), the district court was allowed to consider Jones's violent history and the need to protect the public. To the extent Jones argues the district court was not allowed to consider the facts behind his prior convictions as part of the § 3553(a) analysis, we reject his argument. The district court simply relied on unobjected-to facts as set forth in the PSR when reaching a conclusion as to the level of danger Jones posed to the public. United States v. Sorrells, 432 F.3d 836, 838 (8th Cir. 2005) ("A sentencing court may accept the facts in a PSR as true unless the defendant objects to specific factual allegations."). The sentence imposed was not unreasonable.

We affirm the judgment of the district court.

_____