# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2073
_____

United States of America

*Plaintiff - Appellee*

v.

Rodney Minner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: April 13, 2020
Filed: June 19, 2020
[Unpublished]

_____

Before BENTON, BEAM, and KOBES, Circuit Judges.

_____

PER CURIAM.

Rodney Minner pleaded guilty to willfully failing to collect or pay employment taxes for his "Rowdy Beaver" restaurants in violation of 26 U.S.C. § 7202, and

stipulated to a tax loss of $1,095,267.02. The district court[1] varied upward from his Guidelines range of 27 to 33 months and sentenced him to 36 months' imprisonment. Minner appeals, arguing his sentence is substantively unreasonable because the court ignored or failed to sufficiently weigh mitigating factors and based its decision to vary upward on a factor that was already accounted for in his Guidelines range. We affirm.

We apply a deferential abuse of discretion standard when reviewing the substantive reasonableness of a sentence. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (cleaned up). When a sentence is outside the Guidelines range, we must consider the extent of the deviation while giving due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors justified the variance. Id. at 461–62.

Minner first argues that the district court abused its discretion by ignoring or failing to adequately weigh his efforts to pay restitution, acceptance of responsibility, age, family support, and the consequences his incarceration would have for 45 employees. The record does not support this argument. Though district courts "need not specifically respond to every argument made by the defendant," United States v. Ballard, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam) (citation omitted), here the court explicitly noted that Minner had *not* made progress toward paying restitution despite having ample time to liquidate assets. It also indicated that Minner did not appreciate the seriousness of his offense, and noted that—although a prison sentence might affect his employees—he had plenty of time to get his affairs in order.

---

[1] The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

In sentencing Minner, the court highlighted the fraud's nine-year duration, the extent of his fraud, and how he was "living high on the hog" with an expensive house, real estate, boats, and significant amounts of cash. Sent. Tr. 14. It underscored that Minner's failure to pay taxes jeopardized his employees' well-being, and that it had "never seen a case of knowing and intentional fraud and deceiving the government like [this one]." Sent. Tr. 13–14. The district court did not ignore relevant factors and did not abuse its discretion by weighing the factors differently than Minner would have liked. United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011).

Minner also argues that the district court improperly based its decision to vary on the duration of his failure to pay taxes when that was already accounted for in his base offense level. This argument has two problems. First, the court set Minner's base offense level at 20 because the amount of tax loss exceeded $550,000, not the nine-year duration of his conduct. See U.S.S.G. §§ 2T1.6, 2T4.1(H). Second, even if Minner's Guidelines range had accounted for the duration of his conduct, we have held that "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). The district court did not give an improper factor significant weight or otherwise abuse its discretion. We affirm.

_____