# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-2268

_____

United States of America

*Plaintiff - Appellee*

v.

Mario Aguilar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: April 12, 2021
Filed: August 20, 2021
[Unpublished]

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Mario Aguilar was convicted of conspiracy to possess with intent to distribute and distribute a controlled substance, 21 U.S.C § 846. He was sentenced to 147 months in prison followed by 10 years of supervised release. Aguilar violated the terms of that supervised release, and he was sentenced to 4 months in prison plus 2 more years of supervision. His probation officer again petitioned the court to revoke

his release because of 7 separate violations, including consuming alcohol and committing 2 misdemeanors. He admitted to all of the violations. The court found that he had a Category VI criminal history and a Guidelines range of 8 to 14 months in prison. The district court[1] sentenced him to 14 months in prison and 2 additional years of supervision. Aguilar appeals, arguing that the sentence is substantively unreasonable because the district court did not properly weigh the 18 U.S.C. § 3553(a) factors and was too concerned with public safety. We affirm the district court's decision.

When reviewing a sentence, we will "first ensure that the district court committed no significant procedural error . . . . If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Bridges, 569 F.3d 374, 378 (8th Cir. 2009) (citation omitted) (cleaned up). Aguilar only argues substantive unreasonableness. "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (citation omitted).

We have repeatedly recognized the district court's "'wide latitude' in weighing the § 3553(a) factors and assigning weight to each of those factors." United States v. Wickman, 988 F.3d 1065, 1067 (8th Cir. 2021) (citation omitted). We find no error in the court's weighing of the factors. The court stated: "I've considered the entire file in this matter, statements of counsel and defendant, Sentencing Guidelines under Chapter 7 and the sentencing factors under 18, U.S. Code, 3553(a)." D. Ct. Dkt. 136 at 26–27. The district court is also competent to find concerns for public safety of particular importance. See 18 U.S.C. § 3553(a)(2)(C); see also United States v. Jenkins, 758 F.3d 1046, 1050–51 (8th Cir. 2014) (affirming a district court's sentence based on concern for protecting the public). Aguilar was already at the highest category of criminal history before

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

violating the terms of his release—for the second time. The district court did not abuse its discretion, and the within-Guidelines sentence was reasonable.

The judgment of the district court is affirmed.

_____