# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1013
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremiah R. Twiggs

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: November 18, 2024
Filed: March 13, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

One evening, Jeremiah Twiggs went to a bar with L.M., who brought a firearm with him. Before going in, L.M. asked Twiggs to take the gun and hide it in his sweatshirt. Twiggs complied. Neither man could lawfully possess a firearm. Later, an argument broke out between L.M. and another patron about having enough space to play pool. The patron shoved L.M., and a second patron struck him on the back

of the head with a glass bottle. L.M. fell to the ground. When he got up, he walked over to Twiggs, reached into Twiggs's sweatshirt, and grabbed the firearm. The two patrons started shooting at L.M., and L.M. shot back before falling to the ground from gunshot wounds that left him in critical condition. The two patrons fled. Four others in the bar were also injured from gunfire. Later, Twiggs admitted that he had agreed to conceal L.M.'s firearm at L.M.'s request.

Twiggs pleaded guilty to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). At sentencing, his advisory Guidelines range was 51 to 63 months. The district court[1] granted the government's motion for an upward variance and sentenced Twiggs to 84 months of incarceration and three years of supervised release. Twiggs now appeals, arguing that his sentence was substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (internal quotation marks omitted) (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)). "There is no 'heightened standard of review' for outside-Guidelines sentences." United States v. Anderson, 926 F.3d 954, 958 (8th Cir. 2019) (quoting Gall v. United States, 522 U.S. 38, 49 (2007)). When considering the § 3553(a) factors, a district court can give certain factors greater weight to determine the appropriate sentence. See United States v. Abrica-Sanchez, 808 F.3d 330, 335 (8th Cir. 2015).

First, Twiggs points out that the two patrons who shot L.M. received seven-year sentences in state court, which he views as a "natural benchmark[] for a

_____

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

reasonable sentence" here. According to Twiggs, because he did not fire the gun, his sentence should have been comparatively lower. But the district court viewed Twiggs's decision to bring a firearm into a bar as the "but for" cause of a series of events that left five people injured from gunfire. And it characterized the incident as a "highly volatile, highly dangerous situation in a public [place]." Moreover, § 3553(a) and the Guidelines take into account a variety of factors—not just the offense conduct—to guide the district court in reaching a substantively reasonable sentence. The district court did not abuse its discretion in not tethering Twiggs's sentence more closely to the sentences the patrons received in state court.

Next Twiggs argues that the district court was "unjustifiably preoccupied" with his criminal history at the expense of other relevant factors and relied too heavily on the need for deterrence. At sentencing, the district court expressed "great concern" about Twiggs's "long and checkered" criminal history. The district court observed that Twiggs's record included numerous felony and misdemeanor convictions—for domestic assault, escape, and drug possession, among others—over the course of his adult life. And Twiggs had been released from custody after a conviction for felony resisting arrest just three and a half months before the instant offense. The court also noted that Twiggs had been offered multiple opportunities for rehabilitative treatment and community supervision. Yet Twiggs had not been deterred from continuing to engage in criminal activity. We discern no abuse of discretion in the district court's decision to "plac[e] particular emphasis on [Twiggs's] consistent and recurring criminal conduct," United States v. Jenkins, 758 F.3d 1046, 1051 (8th Cir. 2014), as well as on the need for specific deterrence, see United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (noting that a defendant "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors").

We affirm the judgment of the district court.

_____